Tina BURNEY, Plaintiff–Appellant,

v.

**FOREMOST SIGNATURE INSURANCE COMPANY, Defendant–Respondent,**

**Michael Witt, Defendant.**

No. 23276.

Missouri Court of Appeals, Southern District, Division Two.

May 16, 2000.

Motion for Rehearing or Transfer Denied June 6, 2000.

William T. Beadle, Springfield, for Plaintiff-Appellant.

Joel D. Monson, St.Louis, for Defendant-Respondent.

KERRY L. MONTGOMERY, Presiding Judge.

This is an equitable garnishment action instituted by Tina Burney (Appellant) against the liability insurer of Michael Witt, Foremost Signature Insurance Company. The accident giving rise to this action occurred on August 21, 1996, when Appellant's husband was killed on a tractor while assisting Witt in removing a tree stump.

On September 10, 1999, the trial court entered judgment in favor of the insurer after finding the insurance policy in ques-

tion provided no coverage on the August 21, 1996, accident. This appeal follows.

Appellant presents the following five points relied on:

A.  The lower court erred in ruling that the record was not sufficient to show negligence on the part of the policyholder Witt.

B.  The trial court erred in ruling the exclusion for negligent supervision in Section II of Respondent Foremost Signature's coverage part of the insurance contract was not ambiguous and not construing the ambiguity in favor of the insured.

C.  The trial court erred in holding the farm tractor was not a covered vehicle under the exclusion to the exclusion for liability arising out of the ownership, maintenance, use, loading, or unloading of a land motor vehicle in Section II of the coverage part of Respondent's policy.

D.  The trial court erred in ruling the Foremost Signature policy did not provide coverage for the negligent supervision by Witt of Burney's use of the farm tractor.

E.  The trial court erred in holding the negligent supervision of the farm tractor operated by Burney was not a contributing factor to Burney's death and the Foremost Signature policy did not provide coverage even if the truck operated by Witt was excluded.

All of these points violate the plain and simple requirements of Rule 84.04(d)(1),[1] which provides:

**(d)  Points Relied On.**

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

■  Appellant's points only assert that the trial court erred. None of the points "state concisely the legal reasons for the appellant's claim of reversible error" or "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1)(B) and (C). At most, these points only claim the trial court erred in ruling on a particular issue. In short, we are left in the dark as to Appellant's legal reasons on "why" the trial court ruled incorrectly. It is insufficient to merely set out what the alleged errors are without stating wherein and why the ruling is erroneous. *See Murphy v. Aetna Cas. & Sur. Co.*, 955 S.W.2d 949, 950 (Mo. App.1997).

■  Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal. *Skalecki v. Small*, 976 S.W.2d 566, 568 (Mo.App.1998). Deficient points relied on force the appellate court to search the argument portion of the brief or record to determine an appellant's assertions, thereby wasting judicial resources and, worse yet, creating the danger that the appellate court will interpret the appellant's contentions differently than appellant intended or his opponent understood. *Myrick v. Eastern Broad., Inc.*, 970 S.W.2d 885, 886 (Mo.App. 1998); *see also Thummel v. King*, 570

---

1.  Rule references are to Missouri Court Rules (2000).

S.W.2d 679, 686 (Mo. banc 1978). If we attempt to interpret Appellant's points as stated, this Court will be forced to act as Appellant's advocate, which we cannot do. Therefore, Appellant's appeal must be dismissed.

■ We decline plain error review in this case which is discretionary under Rule 84.13(c). Plain error review is not generally appropriate where an appellant fails to identify wherein and why the trial court erred. *Marks v. Hopkins*, 952 S.W.2d 747, 748 (Mo.App.1997).

Appeal dismissed.

PREWITT, J., and GARRISON, C.J., concur.