**Keith McCLAIN, Respondent,**

v.

**Susan C. McCLAIN (now Hastings), Appellant.**

**No. WD 60002.**

Missouri Court of Appeals, Western District.

May 14, 2002.

James M. Ziegler, Independence, for respondent.

R. Scott Richart, Independence, for appellant.

Before HOWARD, P.J., and SMITH and NEWTON, JJ.

PER CURIAM.

Appellant, Susan McClain,[1] appeals from the trial court's judgment modifying Respondent, Keith McClain's child support obligation. The court found, among other things, that since the entry of the decree of dissolution of the parties' marriage on February 26, 1998, there had been "a substantial and continuing change [of] circumstances related to the employment and earnings of [Respondent], and that these changes [were] so substantial as to warrant a modification of the previous judgment and decree of the Court."[2] The court ordered that Respondent's modified child support obligation date back to his motion to modify.

---

1. Susan's last name has changed to Hastings.

2. *See* Section 452.370 RSMo 2000, which addresses modification of maintenance or support judgments.

Appellant raises three points on appeal. She maintains that the trial court erred: (1) in not imputing income to Respondent, (2) in applying the modified child support amount retroactively, and (3) in not awarding her attorney's fees.

Appellant's failure to comply with Rule 84.04[3] results in our dismissal of the appeal.

### Rule 84.04(d): Points on Appeal

Respondent has moved to dismiss the appeal for failure to comply with Rule 84.04(d). For the reasons set forth below, we grant the motion.

Appellant's three points on appeal read as follows:

I. The trial court erred in failing to impute income to Keith McClain based on his voluntary resignation from his prior place of employment and his underemployment status.

II. The trial court erred in applying a retroactive decrease in child support, which immediately encompassed an overpayment of $9775.20. The trial court's judgment inequitably enriches Keith McClain and is vague and ambiguous as to the method of payment.

III. The trial court erred in failing to award Susan McClain attorney fees given Keith McClain's conduct in unnecessarily increasing her fees and the vast disparity in their respective incomes.

Rule 84.04 sets forth the required contents of a brief on appeal. Our focus is on Rule 84.04(d), which addresses the contents of an appellant's points relied on. Rule 84.04(d)(1) specifies that an appellant who challenges a trial court's decision shall in "Points Relied On":

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

Appellant's points on appeal do not conform to this rule. Although each point identifies the trial court ruling challenged, each point fails to cite legal reasons for the alleged error or explain legal reasons for reversal as required by Rule 84.04(d). In addition, the points are not substantially in the form provided by Rule 84.04(d)(1). As recently explained by this court, the Missouri Supreme Court propounded Rule 84.04(d) in order to provide the opposing party notice of the "precise matters which must be contended with and to inform the court of the issues presented for review." *Rosehill Gardens, Inc. v. Luttrell,* 67 S.W.3d 641, 646 (Mo.App. W.D.2002) (citations omitted). *Rosehill* further explains:

"[c]ompliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will

---

**3.** Rule references are to the Missouri Rules of Civil Procedure (2001).

interpret the appellant's contention differently than the appellant intended or his opponent understood."

*Id.* (quoting *Franklin v. Ventura,* 32 S.W.3d 801, 803 (Mo.App. W.D.2000)). Appellant's failure to abide by Rule 84.04(d) warrants dismissal of the appeal. *Id.*

That being said, we have nonetheless considered Appellant's contentions and find that, when "considered on their face in the light of the applicable facts, [the points] fail to indicate that dismissal of the appeal will result in any manifest injustice or miscarriage of justice." *Franklin,* 32 S.W.3d at 804 (Smart, J., concurring); Rule 84.13(c). Each of the points on appeal relate to matters within the province of the trial court, and we perceive no abuse of that discretion.

## Conclusion

We dismiss the appeal for Appellant's failure to comply with Rule 84.04(d)(1).