**Randall PARKER, Respondent,**

v.

**ACTION CONTRACTING CORPORATION,
Defendant;**

**Missouri Employers Mutual
Insurance, Appellant;**

**American Interstate Insurance and G.S. Syler, Respondents; Department of Social Services, Div. of Child Support Enforcement, Defendant.**

**No. WD 61256.**

Missouri Court of Appeals,
Western District.

March 28, 2003.

fits awarded to Randall Parker. MEM's failure to comply with Rule 84.04 results in our dismissal of the appeal.

## Factual and Procedural History

On October 11, 2000, Randall Parker was severely injured as the result of a work-related accident. Parker sought workers' compensation benefits from his employer, Action Contracting Corporation (Action). Action notified its workers' compensation insurer, Missouri Employer's Mutual Insurance Company (MEM) of Parker's claim. MEM denied coverage, stating it cancelled the insurance policy on October 10, 2000, due to Action's non-compliance with payroll reporting requirements.

At the time of Parker's injury, he was working on a job where Action was a subcontractor for G.S. Syler Contractors Inc. (Syler). In addition to seeking insurance coverage from MEM, Action sought to have Parker's claim covered by Syler's workers' compensation insurer, American Interstate Insurance Co. (American Interstate). American Interstate denied coverage, contending that MEM was solely responsible for Parker's claim as Action's insurer.

A hearing was held before the Division of Workers' Compensation on the issue of whether MEM or American Insurance was liable for coverage on Parker's claim. The Administrative Law Judge (ALJ) determined MEM did not strictly comply with the sixty-day notice provision for cancellation of the insurance contract and, therefore, its policy with Action remained in effect at the time of Parker's injury on October 11, 2000. MEM was ordered to pay temporary workers' compensation benefits of $455.84 per week to Parker. No liability was assessed against American Interstate.

Jeff F. Stigall, Kansas City, for appellant Missouri Employer's Mutual Insurance and Action Contracting.

Frank D. Eppright, Kansas City, for respondent Randall Parker.

Before EDWIN H. SMITH, P.J., SMART and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

This appeal arises from the Labor and Industrial Relations Commission's determination that Missouri Employee's Mutual Insurance Company (MEM) is liable, as an insurer, for workers' compensation bene-

On review, the Labor and Industrial Relations Commission affirmed and adopted the ALJ's determination, with one member dissenting. MEM appeals, contending the Commission erred in concluding that Action's insurance policy was not properly cancelled prior to Parker's injury.

### Standard of Review

■ In workers' compensation cases, appellate review on the issue of liability is permissible even though the relief granted is "temporary or partial." *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App. W.D.1995). Our review of this matter is governed by section 287.495.1, RSMo 2000, which states in relevant part:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for hearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

### Rule 84.04 Violations

■ In reviewing Appellant's Brief and attempting to discern the issues on appeal, we are hindered by MEM's failure to comply with key provisions of Rule 84.04. Respondents Syler and American Insurance correctly note that many of Appellant's arguments are not reflected in the Points Relied On, a clear violation of Rule 84.04(e). A more significant impediment for us is Appellant's disregard for Rule 84.04(d)(2), which requires that each Point Relied On:

(A) identify the administrative ruling or action the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(2) further provides that the point shall be in substantially the following form:

"The [*name of agency* ] erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review* ], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error* ]."

Appellant seeks reversal of the Commission's determination of liability and presents three issues on appeal. The Points Relied On state as follows:

I. The Labor and Industrial Relations Commission ("LIRC") erred in holding that Missouri Employer's Mutual ("MEM") did not cancel its policy with Action Contracting ("Action") because MEM effectively canceled the policy in that the 10–day cancellation period was in effect and MEM gave Action more than 10–days to cure its policy violation.

II. The LIRC erred in holding that Action reasonably relied upon MEMs past behavior when it did not previously cancel Action's policy because Action could not have relied upon MEMs past behavior in that Action's office manager testified that Action did not send payroll reports to MEM not because it was relying on MEMs past behavior but because it did not have the payroll money to accompany the reports.

III. The LIRC erred in holding that MEM waived its defense that it canceled

the policy with Action because MEMs actions are not consistent with waiver in that Action's account was delinquent and MEM repeatedly warned Action that any money sent was being kept and applied to Action's arrearage and that MEM would not reinstate the policy under any circumstances.

While each of these points identify the ruling challenged, they fail to state the legal reasons for Appellant's claim of reversible error and explain why, in the context of this case, those legal reasons support the claim of reversible error. Specifically, the points do not assert any of the grounds for reversal set forth in section 287.495.1. Nor is there any discussion, in the argument section of each point, as to how or why the Commission's determination constitutes reversible error. For purposes of our review, it is insufficient for Appellant to merely identify alleged errors without explaining why the ruling is erroneous. *Burney v. Foremost Signature Ins. Co.*, 24 S.W.3d 757, 758 (Mo.App. S.D.2000).

■ Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal. Id. Such deficiencies "force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the Appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the Appellant's contention differently than the Appellant intended or his opponent understood." *McClain v. McClain*, 74 S.W.3d 288, 289–90 (Mo.App. W.D.2002). If we attempt to interpret Appellant's points as stated, this Court will be forced to act as Appellant's advocate, which we cannot do. *Burney*, 24 S.W.3d at 759. Therefore, Appellant's appeal must be dismissed.

Notwithstanding this dismissal, our *ex gratia* review indicates that Appellant's claims are without merit. When "considered on their face in light of the applicable facts, [the points] fail to indicate that dismissal of the appeal will result in manifest injustice or miscarriage of justice." *McClain*, 74 S.W.3d at 290. Each of the points on appeal relate to matters within the Commission's authority, and we find no error in the Commission's determination that MEM is liable under the workers' compensation insurance policy because it failed to strictly comply with the sixty-day notice requirement for cancellation.

The appeal is dismissed.

All concur.