Jeffery L. YOUNG and Janet L. Young, Plaintiffs–Appellants,

v.

John Frederick ERNST, a/k/a John Ernst, Successor of Trustee of the Mildred M. Archer Trust dated 2–12–97, John Frederick Ernst, a/k/a John Ernst, individually, Ingrid B. Ernst, and Richard Ernst, Defendants–Respondents.

No. 25333.

Missouri Court of Appeals, Southern District, Division One.

Sept. 3, 2003.

Harry Styron, Styron Law Firm, Branson, for appellants.

Eric A. Farris, Farris & Associates, L.L.C., Branson, for respondents.

PHILLIP R. GARRISON, Judge.

Jeffery L. Young and Janet L. Young, ("the Youngs") appeal the dismissal of their suit for specific performance of a contract by which they agreed to buy real estate from Mildred M. Archer ("Archer").[1] For reasons specified below we dismiss the appeal.

The statement of facts in the Youngs' brief indicates, with few references to the record on appeal, that they entered into a contract with Archer in October 1996 to buy 200 acres of land in Taney County, Missouri. On December 23, 1996, an attorney representing Archer sent a letter to the Youngs stating that she had no desire to sell the land and had not understood that she had signed a real estate sales contract. She notified them that she was canceling the contract and instructing a third party to return their earnest money deposit. The statement of facts states, again without a citation to the record, that the attorney also prepared an estate plan by which the land in question was placed in a trust with John Frederick Ernst, Ingrid B. Ernst and Richard Ernst ("the Ernsts") as beneficiaries. Eventually, the Youngs filed suit on April 7, 1999 against the Ernsts[2] seeking specific performance of the contract.

On March 6, 2002, the Youngs filed a Motion for Summary Judgment, which was responded to by the Ernsts, who also filed a motion to amend their answer to allege facts supporting a defense of laches. The trial court overruled the Motion for Summary Judgment and granted leave for the Ernsts to amend their answer. Settlement negotiations between the parties en-

sued, and on April 25, 2002, four days before trial of the case was to start, they filed a stipulation stating that they had reached an agreement pursuant to which the Youngs were to buy the property within fifteen days of the Ernsts providing a title insurance commitment indicating marketable title. The stipulation also requested that the matter be stricken from the trial docket, and stated that "[u]nless a party notifies the [c]ourt to the contrary by May 31, 2002, the parties stipulate and agree that the [c]ourt may dismiss this case with prejudice at that time." The Youngs state in their statement of facts that the parties deadlocked over the issue of marketability of title because of a dispute concerning access to the property, but that the parties did not notify the trial court that the settlement had not been performed, and the trial court entered its dismissal. The Youngs then filed a motion to vacate the dismissal on June 27, 2002 based on Rules 74.06 and 75.01.[3] That motion was not taken up within thirty days after May 31, 2002. When it was heard, the court held that since the motion was not heard within thirty days after May 31, 2002, it did not have jurisdiction to consider it to the extent it relied on Rule 75.01. The trial court denied the portion of the motion relying on Rule 74.06. This appeal ensued.

■ The Youngs present three points relied on in their brief. They are set out verbatim in order to assist in explaining our ruling in this case:

A. The court, in its interlocutory rulings (R3, docket entry of April 9, 2002), erred in granting [the

---

1. Our use of last names in this opinion is for the purposes of clarity and ease of reading, with no disrespect intended.

2. John Frederick Ernst was named individually and also as a successor trustee of the

Mildred M. Archer trust dated February 12, 1997.

3. All references to rules are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

Ernsts] leave to amend their answer by failing apply [sic] the Supreme Court's rules regarding justification of amendment of pleadings and summary judgment, with the result that [the Youngs] were deprived of the benefit of several procedural rules, giving [the Ernsts] an unfair advantage.

B. The court erred in its final judgment (R131) refusing to set aside the stipulated order of dismissal, by pinning its ruling on its legal ruling of marketability of title, with scant consideration of the actual allegations before it, which constituted a reversible abuse of discretion.

C. The court erred on a point of law in its final judgment (R131) by concluding that lack of access did not constitute lack of marketability of title.

Rule 84.04(d) mandates that points relied on in an appellate brief "shall: (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." That rule also provides the following template for use in preparing a point relied on:

> The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

None of the Youngs' points relied on comply with Rule 84.04(d).

■ The first two points arguably identify the ruling complained of, but fail to comply with the requirements of Rule 84.04(d)(1)(B) and (C). Not only is the third point deficient for the same reasons, but it also constitutes an abstract statement of law which does not comply with Rule 84.04(d)(4).

■ Review by an appellate court is restricted to the issues raised in the point relied on. *State ex rel. Wilson v. Brown*, 897 S.W.2d 171, 173 (Mo.App. S.D.1995). The Missouri Supreme Court propounded Rule 84.04(d), relating to points relied on in appellate briefs, in order to provide the opposing party notice of the precise matters which must be contended with and to inform the court of the issues presented for review. *McClain v. McClain*, 74 S.W.3d 288, 289 (Mo.App. W.D.2002).

> Compliance with Rule 84.04 briefing requirements is mandatory in order to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made. Deficient points relied on force the appellate court to search the argument portion of the brief or the record itself to determine and clarify the appellant's assertions, thereby wasting judicial resources, and, worse yet, creating the danger that the appellate court will interpret the appellant's contention differently than the appellant intended or his opponent understood.

*Rosehill Gardens, Inc. v. Luttrell*, 67 S.W.3d 641, 646 (Mo.App. W.D.2002). The failure to comply with Rule 84.04(d) warrants dismissal of the appeal. *McClain* at 290.

■ Additionally, the statement of facts in the Youngs' brief fails to fully comply with Rule 84.04(i), which provides that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." In the Youngs' statement of facts, the citations to the record on appeal are sporadic.

Based on these factors, the appeal is dismissed.

BARNEY, P.J., and PREWITT, J., concur.