Cornell CHASE, Claimant/Appellant,

v.

BAUMANN PROPERTY CO. and Division Of Employment Security, Respondents.

No. ED 85927.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 30, 2005.

Ninion S. Riley, Jefferson City, MO, for respondent.

Cornell Chase, St. Louis, MO, appellant acting pro se.

Baumann Property Company, St. Louis, MO, respondent acting pro se.

GLENN A. NORTON, Chief Judge.

Cornell Chase (Claimant) appeals from a decision by the Labor and Industrial Rela-

tions Commission (Commission) that affirmed the Appeals Tribunal's dismissal of Claimant's appeal. We dismiss the appeal.

A deputy with the Division of Employment Security (Division) determined that Claimant was disqualified for sixteen weeks of unemployment benefits and that Claimant's wage credits that he had accrued with his employer should be canceled because Claimant was discharged for aggravated misconduct connected with work. The deputy's determination was mailed on August 8, 2004. The determination set forth the procedures to appeal the deputy's determination to the Appeals Tribunal. The determination also stated that an appeal had to be filed no later than September 8, 2004. On December 20, 2004, Claimant sent a letter to the Division. Claimant stated he had not received notice of the deputy's determination and he was filing an appeal. Claimant also challenged the deputy's determination that he was discharged for aggravated misconduct with work. The Appeals Tribunal dismissed Claimant's appeal because it "was not filed within the thirty-day statutory time limit and that the deputy's determination ha[d] become final." Section 288.070.4.[1] Claimant filed an application for review by the Commission. Section 288.200.1. The Commission affirmed and adopted the decision of the Appeals Tribunal. Claimant appeals from this decision.

■ In his sole point on appeal, Claimant argues that there was not sufficient competent evidence to support a finding that he was discharged for misconduct related to work. Claimant contends that another person committed the act for which he was discharged.

The Division has filed a motion to dismiss the appeal. The Division first argues that Claimant's late appeal to the Appeals Tribunal divests the Commission and this Court of jurisdiction. In support of this argument, the Division cites to *Phillips v. Clean–Tech,* 34 S.W.3d 854 (Mo.App. E.D. 2000). The *Phillips* case did not involve a late appeal to the Appeals Tribunal. Instead, it involved a late application for review with the Commission. *Phillips,* 34 S.W.3d at 855. This Court noted that there is no provision in section 288.200 for filing a late application for review with the Commission. *Id.* In contrast, section 288.070.8 does provide for filing a late appeal of a deputy's determination to the Appeals Tribunal "for good cause." The cases cited by the Division do not support a conclusion that a late appeal to the Appeals Tribunal will deprive the Commission and this Court of jurisdiction.

The Division also argues that Claimant's brief must be stricken and the appeal dismissed because the only issue raised in Claimant's brief was not considered by the Commission. We decline to strike Claimant's brief. But we agree that Claimant's brief presents nothing for this Court to review and therefore the appeal must be dismissed.

■ We may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission. *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D. 2004). If an appellant does not file a brief on the issues pertaining to the appeal, then the appellant is deemed to have abandoned that appeal. *Krause v. Assurant, Inc.,* 158 S.W.3d 329, 332–33 (Mo.App. W.D.2005).

■ Claimant's sole argument on appeal is that there was not sufficient competent evidence to support a finding that he was discharged for misconduct connected with work. However, the issue before the

---

1. All statutory references are to RSMo.2000.

Commission was the timeliness of Claimant's appeal to the Appeals Tribunal. Claimant does not address this issue in his brief and there is not an issue presented for this Court to review. Although we prefer to dispose of a case on the merits, to do so here would require this Court to serve as an advocate for Claimant. Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made. *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. E.D.2005)(discussing Rule 84.04). The Division's motion to dismiss the appeal is granted.

Claimant's appeal is dismissed.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ., concur.