**Jacquelyn RUSSELL, Appellant,**

v.

**LM SERVICES CORPORATION, and Division of Employment Security, Respondents.**

**No. ED 89575.**

Missouri Court of Appeals, Eastern District, Division Three.

April 29, 2008.

Jacquelyn Russell, St. Louis, MO, for appellant.

---

LM Services Corp, St. Louis, MO, Marilyn Green, Jefferson City, MO, for respondent.

## CLIFFORD H. AHRENS, Judge.

Jacquelyn Russell ("Russell") appeals the final award of the Labor and Industrial Relations Commission ("the commission") affirming the decision of the appeals tribunal to dismiss Russell's appeal from her disqualification from unemployment benefits. Russell claims the commission erred in affirming the decision of the appeals tribunal because there was insufficient evidence to support its conclusions. We dismiss the appeal.

Russell filed a claim for benefits with the Missouri Division of Employment Security after her discharge from employment with LM Services Corporation ("LM Services"). LM Services protested the claim. A deputy made a determination concerning Russell's claim for benefits, finding that Russell was disqualified from receiving benefits because she was discharged for misconduct. Russell filed a notice of appeal to the appeals tribunal; however, the appeals tribunal determined this notice was not timely and dismissed Russell's appeal. The commission affirmed the decision of the appeals tribunal and Russell now appeals [1].

Russell attempts to argue the merits of her disqualification for benefits on appeal. However, as LM Services notes, at issue here is whether the commission properly affirmed the appeals tribunal's dismissal of Russell's appeal rather than the merits of her disqualification. As a threshold matter, LM Services argues Russell's appeal should be dismissed because she failed to allege error concerning the commission's decision to uphold the dismissal of Russell's appeal, and therefore Russell abandoned any claim on appeal in this regard [2].

We may only address issues before the commission. *Chase v. Baumann Property Co.*, 169 S.W.3d 891, 892 (Mo. App.2005). We may not consider issues not presented to the commission for review. *Id.* Here, Russell's sole point on appeal is that there was not sufficient or competent evidence in the record to support the finding that she was discharged for misconduct. However, the commission did not consider this issue. Instead, the commission was faced with the issue of the timeliness of Russell's appeal to the appeals tribunal. Pursuant to section 288.070.4 RSMo (2000) [3], an appeal of the deputy's determination must be filed within thirty calendar days after the determination is mailed or delivered in person to the claimant. In this case the record reflects the deputy's determination was mailed November 22, 2006. Russell filed her notice of appeal with the appeals tribunal on January 17, 2007, more than thirty days after the date the determination was mailed. Although section 288.070.8 allows the time period for filing a notice of appeal to be extended for good cause, Russell did not present any evidence regarding the untimely notice of appeal either to the

---

1. This court issued an order remanding the cause to the commission for findings regarding the date upon which Russell's notice of appeal to this court was deemed filed in accordance with section 288.240 RSMo (2000). The statute provides that a notice of appeal is deemed filed as of the date "endorsed by the United States post office on the envelope or container in which such paper is received." The commission issued its order and certifica-

tion of the filing date which rendered Russell's appeal to this court timely.

2. We note that LM Services also filed a separate motion to dismiss alleging deficiencies in Russell's brief pursuant to Missouri Supreme Court Rule 84.04. This motion is denied.

3. All further statutory references are to RSMo (2000).

appeals tribunal, or to the commission thereafter. As a result, the appeals tribunal dismissed the appeal, and the commission affirmed this decision. Russell does not address the issue of the timeliness of her notice of appeal to the appeals tribunal in her brief, and therefore there is nothing presented for our review. *Chase*, 169 S.W.3d at 893. As the court in *Chase* noted, we prefer to dispose of cases on the merits; however, to do so here would require us to act as an advocate for Russell. *Id.* "Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made." *Id.* (citing *Thornton v. City of Kirkwood*, 161 S.W.3d 916, 919 (Mo.App. 2005)). As a result, we must dismiss Russell's appeal.

The appeal is dismissed.

ROY L. RICHTER, P.J., and GLENN A. NORTON, J., concur.