Charlene GRISSOM,
Claimant/Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. ED 94138.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 23, 2010.

Charlene Grissom, Sullivan, MO, pro se.

Maritz Travel Company, Fenton, MO, pro se.

Michael Pritchett, Div. of Employment Security, Jefferson City, MO, for respondents.

KENNETH M. ROMINES, Chief Judge.

Charlene Grissom (Claimant) appeals the Labor and Industrial Relations Commission's (Commission) decision denying her application for unemployment benefits. We dismiss the appeal.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits from July 5, 2009 to July 11, 2009 because she did not meet the registration and/or reporting requirements. Claimant then appealed to the Appeals Tribunal of the Division, which affirmed the deputy's decision. Claimant then filed an application for review with the Commission, which issued an order affirming the Appeals Tribunal's decision. Claimant filed a notice of appeal to this Court. The Division has filed a motion to dismiss Claimant's appeal, asserting it is untimely. Claimant has not filed a response to the motion.

Section 288.210, RSMo 2000, requires that a notice of appeal to this Court from the Commission's decision be filed within twenty days of the decision becoming final. The Commission's decision becomes final ten days after it is mailed to the parties. Section 288.200.2, RSMo 2000. Here, the Commission mailed its decision to Claimant on November 18, 2009. Therefore, the notice of appeal to this Court was due on or before December 18, 2009. Sections 288.200.2, 288.210. Claimant filed her notice of appeal by mailing it to the Commission in an envelope postmarked December 23, 2009. Pursuant to section 288.240, RSMo 2000, the notice of appeal is deemed filed on the date endorsed by the United States Post Office on the envelope. Therefore, Claimant's notice of appeal was filed on December 23, 2009, and it is untimely.

"Section 288.200 RSMo does not provide for late filing and does not recognize any exceptions for filing out of time." *McCuin Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). As a result, an untimely notice of appeal deprives this Court of jurisdiction to entertain the appeal and we must dismiss it. *Gayfield v. Boston Market Corp.*, 291 S.W.3d 363, 364 (Mo.App. E.D.2009).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

NANNETTE A. BAKER, J. and ROY L. RICHTER, J., concur.