Eddie L. BEEBE, Appellant,

v.

James A. NAVIAUX, d/b/a
Longhorn Inn,

and

Division of Employment Security,
Respondents.

No. SD 30315.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 2010.

Eddie L. Beebe, pro se.

Jeannie D. Mitchell, Asst. Atty. Gen., Jefferson City, for Respondent, Missouri Dept. of Labor and Industrial Relations.

ROBERT S. BARNEY, Presiding Judge.

Eddie L. Beebe ("Claimant") appeals from the Labor and Industrial Relations Commission's ("the Commission") "Order" dismissing his "Application for Review" of the Appeals Tribunal's ("the Tribunal") decision which found him ineligible for unemployment compensation benefits following Claimant's act of "voluntarily leav[ing] work."[1] We affirm the Commission's decision.

■ The record reveals Claimant filed his claim for unemployment benefits on November 13, 2008. On December 10, 2008, a deputy for the Division of Employment Security ("the Division") determined Claimant was disqualified from receiving unemployment benefits "because [he] left work ... voluntarily without good cause attributable to his work or employer...." Claimant appealed to the Tribunal and telephone hearings were held on January 22, 2009, and February 6, 2009. Following the hearings, on February 11, 2009, the Tribunal's referee affirmed the finding of the Division's deputy that Claimant was disqualified from receiving benefits. The Tribunal's decision, a copy of which was provided to Claimant, contained the following statement:

> [t]his decision will become the final decision of the Division unless a further appeal is filed as set out below.

### APPEAL RIGHTS

> If you disagree with this decision of the ... Tribunal, you may appeal the decision by filing an application for review ... to the [Commission]. No [s]pecial form is needed to file an application to the [C]ommission. An application for review must be filed within thirty (30) days from the date of this decision. The [a]pplication may be filed by mail or by fax to the address or number shown below....

However, Claimant did not file his appeal with the Commission until November 10, 2009. On December 9, 2009, the Commission entered its Order dismissing Claimant's appeal "pursuant to [section] 288.200 ..., because it was neither postmarked nor received within thirty (30) days after the ... Tribunal's [d]ecision was mailed."[2]

---

1. We note Claimant appears before this Court pro se. His brief is profoundly deficient in that it virtually ignores the Missouri Rules of Court; has no discernable structure; has no recognizable points relied on; is overly lengthy; contains documentation that was almost certainly not presented to the Commission; and presents this Court with little to effectively evaluate. "As a *pro se* litigant, Claimant is bound by the same rules of procedure as a party represented by a licensed attorney." *Ragan v. Fulton State Hosp. and Div. of Employment Sec.,* 188 S.W.3d 473, 475 (Mo.App.2006).

2. Unless otherwise stated, all statutory references are to RSMo 2000.

This appeal by Claimant followed.[3]

■ "Absent fraud, the Commission's findings of facts are conclusive so long as they are supported by substantial and competent evidence." *Comeaux v. Convergys Customer Mgt. Group, Inc.,* 310 S.W.3d 759, 762 (Mo.App.2010); § 288.210. "To determine whether the facts are supported by substantial and competent evidence, we examine the record as a whole." *Id.; see Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003).

■ As best we discern the allegations of error asserted here, it appears Claimant is primarily asserting the Commission erred in dismissing his appeal, which was filed in excess of the thirty days allowed under section 288.200. Section 288.200.1 sets out:

> [a]ny of the parties ... to any decision of [the Tribunal], may file with the [C]ommission within thirty days following the date of notification or mailing of such decision, an application to have such decision reviewed by the [C]ommission. The [C]ommission may allow or deny an application for review.... If an application for review is denied, the decision of the [Tribunal] shall be deemed to be the decision of the [C]ommission for the purpose of judicial review and shall be subject to judicial review within the time and in the manner provided for with respect to decisions of the [C]ommission except that the time limitations shall run from the date of notice of the order of the [C]ommission denying the application for review.

■ In the instant matter, the Tribunal mailed its decision to Claimant on February 11, 2009, therefore, Claimant's notice of appeal to the Commission "was due within thirty days following the date of notification or mailing of such decision."[4] § 288.200.1. Yet, Claimant filed his notice of appeal on November 10, 2009, which was approximately eight months after the expiration of this statutory time period. Unemployment benefits are solely a creature of statutory provision. *Martinez v. Lea–Ed, Inc.,* 155 S.W.3d 809, 810 (Mo.App.2005). Section 288.200 " 'does not provide for late filing and does not recognize any exceptions for filing out of time.' " *Grissom v. Div. of Employment Sec.,* 303 S.W.3d 626, 627 (Mo.App.2010) (quoting *McCuin Phillips v. Clean–Tech,* 34 S.W.3d 854, 855 (Mo.App.2000)). Claimant's only relevant issue in this appeal is whether the factual determinations made by the Commission as to the timeliness issue are supported by substantial evidence upon the whole record and whether the Commission correctly applied the law as to those facts. *See Comeaux,* 310 S.W.3d at 762; *Hampton,* 121 S.W.3d at 223. We find the Commission's ruling was correct and there is competent and substantial evidence to support the Commission's order dismissing Claimant's appeal. § 288.210. Claimant's allegation of error lacks merit.

The Order of the Commission dismissing Claimant's appeal is affirmed.

LYNCH, and BURRELL, JJ., concur.

---

3. We note the Division has filed a motion to dismiss Claimant's appeal for lack of jurisdiction maintaining that Claimant's late application for review to the Commission deprived both the Commission and this Court of jurisdiction. The Division's motion was taken with the case and is hereby denied. *See*

*J.C.W. ex rel. Webb v. Wyciskalla,* 275 S.W.3d 249, 252–54 (Mo. banc 2009).

4. Pursuant to section 288.240, the notice of appeal is deemed filed on the date endorsed by the United States Post Office on the envelope.