Timothy HUCKABY, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. WD 73617.

Missouri Court of Appeals, Western District.

Dec. 6, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2012.

Timothy Huckaby, Appellant pro se.

Robert A. Bedell and Subrina Bennett, supervised by Jeannie Mitchell, Jefferson City, MO, for respondent.

Before Division Three: KAREN KING MITCHELL, Presiding Judge, JAMES M. SMART, JR., Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Timothy Huckaby appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing his unemployment benefits appeal because his "Application for Review" was not timely filed. For the reasons set forth herein, we affirm.

## Factual Background

Huckaby filed a claim for unemployment compensation with the Division of Employment Security ("Division"). A Division deputy found that Huckaby was disqualified from benefits "because the claimant was discharged by [Truman Medical Center] on 9/26/08 for misconduct connected with work." Specifically, it was found that Huckaby was discharged for "his inappropriate behavior" in writing "a suggestive note to a co-worker," and that "he had been previously warned."

Huckaby appealed the denial of benefits to the Division's Appeals Tribunal ("Tribunal"). In dismissing the appeal, the Tribunal made the following findings and conclusions in its Order:

> The records of the Division, which were reviewed by the Appeals Tribunal, show that the deputy's determination was mailed to the appellant on December 5, 2008, and that the appeal was filed on July 2, 2010. The Missouri Employment Security Law provides that unless the claimant or any interested party within thirty calendar days after the

mailing of the deputy's determination files an appeal from such determination, it shall be final.... Since the deputy's determination was mailed to the appellant on December 5, 2008, and the appeal was not filed until July 2, 2010, it is apparent that it was not filed within the thirty-day statutory time limit and that the deputy's determination has become final.

LF, pg. 9.

Huckaby then filed an Application for Review before the Commission, but this too was filed in an untimely fashion. The Commission issued its order stating that the "Application for Review is dismissed pursuant to Section 288.200 RSMo, because it was neither postmarked nor received within thirty (30) days after the Appeals Tribunal Decision was mailed."[1] Specifically, the Appeals Tribunal mailed its Order to Huckaby on August 6, 2010, but he did not file his appeal before the Commission until January 7, 2011.

This appeal follows, with Huckaby litigating this matter *pro se.*

## Analysis

In Point One, Huckaby argues that the "Commission erred in denying Appellant unemployment benefits because it's decision misapplies the law and is unsupported by evidence which showed that appellant had very good cause, and just cause, or genuine reason for being late on filing timely appeals for unemployment rather then (sic) having no cause and just cause at all."

This Court's review in unemployment compensation cases "is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law." *Ewing*

---

1. All statutory citations are to RSMo 2000 as updated through the most recent cumulative supplement, unless otherwise indicated.

*v. SSM Health Care,* 265 S.W.3d 882, 886 (Mo.App. E.D.2008) (quotation omitted). "The findings of the [C]omission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210. This Court "may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Chase v. Baumann Property Co.,* 169 S.W.3d 891, 892 (Mo.App. E.D.2005).

▇ The issue before the Commission was the timeliness of Huckaby's appeal from the Appeals Tribunal to the Commission; accordingly, that is the issue this Court will address. *Id.*

Here, Huckaby does not dispute the findings and conclusions of the Commission that his appeal from the Appeals Tribunal to the Commission was not timely filed: "Application for Review is dismissed pursuant to Section 288.200 RSMo, because it was neither postmarked nor received within thirty (30) days after the Appeals Tribunal Decision was mailed." Indeed, it is beyond dispute that under section 288.200.1, "[a]ny of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within *thirty days* following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission." *Id.* (Emphasis added.) "Section 288.200 does not provide for late filing and does not recognize any exceptions for filing out of time." *Phillips v. Clean–Tech,* 34 S.W.3d 854, 855

(Mo.App. E.D.2000). This is true even if the delay did not adversely impact either party. *Id.*

Because Huckaby waited over five months after the Appeals Tribunal Order was mailed to him before filing his appeal to the Commission, we conclude that the Commission did not err in concluding his appeal was not timely filed. *See Beebe v. Naviaux,* 327 S.W.3d 576, 578 (Mo.App. S.D.2010) ("We find the Commission's ruling was correct and there is competent and substantial evidence to support the Commission's order dismissing Claimant's appeal.").[2]

While acknowledging that his appeal was untimely, Huckaby argues before this Court, that he had "good cause" for failing to timely appeal (both before the Appeals Tribunal and the Commission). "Because unemployment benefits are solely a creature of statutory provision, this Court cannot create an exception where none exists." *Nettles v. Barnes–Jewish Hospital,* 336 S.W.3d 477 (Mo.App. E.D.2011) (internal citations omitted). Unlike the statutory provisions governing an Appeals Tribunal's review of a Division Deputy's initial determination, Sections 288.070.4 and .8, Section 288.200 does not provide such a good cause exception and we cannot create one here.

Having properly dismissed this matter for Huckaby's failure to timely appeal to the Commission, we find no error in this regard in the Commission's Order.

Point One is denied.

In Point Two, Huckaby addresses the merits of why his unemployment benefits

---

2. The Division of Employment Security filed a motion to dismiss Huckaby's appeal before this Court, arguing "that the filing of an untimely application for review from the Appeals Tribunal deprived the Commission, *and the Court of Appeals,* of *jurisdiction* to hear the appeal." Motion to Dismiss, pg. 2 (emphasis added). But as recently recognized by the Southern District, the issue of our jurisdiction is not implicated herein because, *inter alia,* it is undisputed that Huckaby timely appealed the Commission's Order to this Court. *See Beebe v. Naviaux,* 327 S.W.3d 576, 578 n. 3 (Mo.App. S.D.2010). This Court, likewise, denies the Division's motion to dismiss in this cause.

claim was improperly denied based on his allegation that his conduct did not constitute misconduct. However, the law is clear that because the Commission did not reach the merits of this claim, this Court is precluded from reaching the merits as well. *Chase v. Baumann Property Co.,* 169 S.W.3d 891, 892; *Elmore v. Division of Employment Sec.,* 341 S.W.3d 878, 880 n. 1 (Mo.App. W.D.2011) ("Claimant contends in his second point that the Commission erred in denying his claim because he was not discharged due to misconduct connected with work. This issue was not before the Commission, and therefore, we do not address it on appeal.").

Point Two is denied.

### Conclusion

The Commission's order is hereby affirmed.

All concur.