

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| EMMANUEL KENNEDY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **WD77432** |
| | ) | |
| | ) | **OPINION FILED:** |
| DIVISION OF EMPLOYMENT | ) | **November 25, 2014** |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Cynthia L. Martin and Gary D. Witt, Judges

Emmanuel Kennedy appeals from the Labor and Industrial Relations Commission's determination that he is not entitled to unemployment benefits after being terminated from employment when he missed work due to incarceration. Because Kennedy has preserved nothing for appellate review, we dismiss the appeal.

## Factual Background

Kennedy worked for Kelly Services, which is an agency that sends people to work assignments at other businesses but remains the employer. Kennedy began working for Kelly Services in March 2012 and was assigned to work as a box maker and truck driver in another

company's warehouse. Kennedy was successful in this employment until October 9, 2013, when he failed to show up for work because he had been arrested and incarcerated. Kennedy had a cousin call Kelly Services on his behalf and inform them that Kennedy could not come back to work for the next two weeks because he had to care for his sick aunt. When Kennedy was released on October 17, 2013, he attempted to contact Kelly Services, but received no response.

Kennedy filed for unemployment benefits with the Division of Employment Security (Division). In a "Pending Issue Questionnaire" filed with the Division, Kennedy stated that he was discharged because he "needed a couple of days off to help [a] sick relative." A Division deputy determined that Kennedy was disqualified from receiving benefits because he left work voluntarily without good cause attributable to his work or the employer. Specifically, the deputy found that Kennedy "quit" in order to "care for family," and thus, his reason was "personal." Kennedy appealed that decision to the appeals tribunal within the Division. In his request for appeal, Kennedy claimed, for the first time, that he had not left work voluntarily because he had been incarcerated. Kennedy acknowledged that he had previously stated he had been caring for a sick aunt, but he claimed to have said this because a Kelly Services' employee had previously told him that incarceration would affect his ability to achieve permanent employment.

Following a hearing, the tribunal determined that Kennedy had not left work voluntarily, because, although a claimant whose employment ends because of incarceration has left his employment voluntarily without good cause attributable to work or the employer, Kennedy attempted to contact his employer about returning to work after his incarceration ended. Thus, Kennedy did not simply abandon his position, and Kelly Services' unwillingness to return Kennedy's call indicated that he had been discharged from his employment. However, the appeals tribunal determined Kennedy's failure to report the real reason for his absence showed

2

"reckless or willful disregard for the employer's absence-reporting standards and his own obligations" and amounted to "misconduct." The appeals tribunal modified the deputy's determination and found Kennedy to be disqualified from benefits because he was discharged for misconduct connected with his work. The Commission affirmed and adopted the appeals tribunal's decision.

## Standard of Review

"[W]here, as here, the Commission adopts the decision of the Appeals Tribunal, we consider the Tribunal's decision to be the Commission's for purposes of our review." *Sheridan v. Div. of Emp't Sec.*, 425 S.W.3d 193, 198-99 (Mo. App. W.D. 2014). "[T]he reviewing court defers to the factual determinations made by the Commission." *Dorris v. Stoddard Cnty.*, 436 S.W.3d 586, 590 (Mo. App. S.D. 2014). "In conducting our review, '[w]e defer to the Commission on issues concerning credibility and weight to be given conflicting evidence.'" *Carver v. Delta Innovative Servs.*, 379 S.W.3d 865, 869 (Mo. App. W.D. 2012) (quoting *Bailey v. Phelps Cnty. Reg'l Med. Ctr.*, 328 S.W.3d 770, 773 (Mo. App. S.D. 2010)). But we review questions of law *de novo. Id.*

## Analysis

In Kennedy's sole point, he argues that the Commission committed "error . . . due to the facts [sic] that [Kennedy] did not quit [his] job." Similarly, in the argument portion of his brief to this court, Kennedy argues only that he did not voluntarily leave his job. But the Commission did not disqualify Kennedy from benefits for voluntarily leaving his employment. While a Division deputy initially determined that Kennedy voluntarily quit, that determination was modified by the appeals tribunal following a hearing. The appeals tribunal determined that

3

Kennedy had been terminated from employment due to misconduct. The Commission affirmed the appeals tribunal's decision and adopted it as the decision of the Commission.

"Under section 288.050,[1] a claimant shall be disqualified from receiving unemployment benefits if the claimant: (1) 'has left work voluntarily without good cause attributable to such work or to the claimant's employer[ ]'; *or* (2) 'has been discharged for misconduct connected with the claimant's work[.]'" *Waggoner v. Ozark Anesthesia Assocs., Inc.*, 364 S.W.3d 713, 718 (Mo. App. S.D. 2012) (quoting §§ 288.050.1(1), .2) (emphasis added). The statute contains two independent bases, both mandating disqualification from benefits.

Kennedy has failed to challenge the basis for the Commission's decision below. "While it may not be stated explicitly in Rule 84.04, the fundamental requirement for an appellate argument is that it demonstrate the erroneousness of the basis upon which a lower court or agency issued an adverse ruling." *Rainey v. SSPS, Inc.*, 259 S.W.3d 603, 606 (Mo. App. W.D. 2008). "Unless an appellant challenges the grounds on which an adverse ruling depends, he has shown no entitlement to appellate relief." *Id.*

Having failed to challenge the ground upon which the Commission disqualified him, Kennedy has preserved nothing for this Court to review. *Parker v. Action Contracting Corp.*, 100 S.W.3d 168, 171 (Mo. App. W.D. 2003) ("Insufficient points relied on preserve nothing for appellate review and constitute grounds for dismissal."); *Dumproff v. Driskill*, 376 S.W.3d 680, 688 n.7 (Mo. App. S.D. 2012) (Arguments not raised "in the argument portion of the brief are deemed abandoned and present nothing for appellate review." (Internal citation and quotation omitted.)). This failure is sufficient cause to dismiss Kennedy's appeal. *See Parker*, 100 S.W.3d

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, as updated through the 2013 Cumulative Supplement, unless otherwise noted.

at 171; *Russell v. LM Servs. Corp.*, 250 S.W.3d 838, 839-40 (Mo. App. E.D. 2008); *Chase v. Baumann Prop. Co.*, 169 S.W.3d 891, 892-93 (Mo. App. E.D. 2005).

## Conclusion

This appeal is dismissed.

_____
Karen King Mitchell, Presiding Judge

Cynthia L. Martin and Gary D. Witt, Judges, concur.