

# In the Missouri Court of Appeals
## Eastern District

**DIVISION FOUR**

| | | |
|---|---|---|
| SAMANTHA BORDAS, | ) | |
| | ) | No. ED113329 |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDEX FREIGHT, INC AND DIVISION, | ) | |
| OF EMPLOYMENT SECURITY, | ) | |
| | ) | Filed: September 30, 2025 |
| Respondents. | ) | |

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

**Opinion**

This is an unemployment benefits case. Samantha Bordas appeals the Labor and Industrial Relations Commission's decision to dismiss her application for review as untimely. But instead of challenging the Commission's untimeliness finding, Bordas seeks to challenge the decision *on the merits* by arguing here that her absences which led to her discharge were due to a hostile work environment and thus were not willful and disqualifying. We do not reach the merits of Bordas's claims because the Commission correctly dismissed her application for review as untimely which means that we must likewise dismiss this appeal.

## Background

Bordas worked at FedEx Freight, Inc., until June 26, 2024, when FedEx terminated her due to frequent absences and tardies. Bordas claims she stopped going to work due to a hostile work environment and emotional distress from harassment and unfair treatment. On August 7, 2024, the Division mailed to Bordas its decision disqualifying her from employment benefits upon its finding that she left FedEx voluntarily and without good cause. On August 21, Bordas timely appealed to the Appeals Tribunal. On September 16, after Bordas failed to attend the September 13 hearing on her appeal, the Tribunal dismissed it. Bordas had thirty days, or until October 16, to file her application for review to the Commission of the Tribunal's dismissal. Bordas did not do so until December 10, 2024. Therefore, the Commission lacked statutory authority to review her claim and dismissed it. This appeal follows.

## Standard of Review

Our review of the Commission's decision is governed by the Missouri Constitution and section 288.210.[1] We review whether the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, section 18. Statute section 288.210 allows this Court to modify, reverse, remand for rehearing, or set aside the Commission's decision if the Commission acted without or in excess of its powers; procured the decision by fraud; the facts found by the Commission do not support the award; or there was not sufficient

---

[1] All statutory references are to the Revised Statutes of Missouri (2016).

competent evidence in the record to warrant the making of the award. *Dickerman v. Amazon.com, Inc.*, 689 S.W.3d 559, 563 (Mo. App. 2024) (citing *Dewes v. Div. of Emp. Sec.*, 660 S.W.3d 489, 493-94 (Mo. App. 2023)). This Court "may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Huckaby v. Div. of Emp. Sec.*, 363 S.W.3d 52, 54 (Mo. App. 2011) (internal citation omitted).

## Discussion

Bordas claims the Commission erred in dismissing her application for review because it was not supported by competent or substantial evidence since her misconduct was not willful and instead was the result of a hostile work environment. We dismiss because Bordas's application for review to the Commission was untimely and like the Commission, we lack the authority to reach the merits of her appeal.

The statutory procedures set forth for appeals in unemployment security cases are mandatory. *Harden v. Div. Emp't Sec.*, 655 S.W.3d 796, 800 (Mo. App. 2022). A party appealing the Tribunal's decision has thirty days to file an application for review with the Commission. Section 288.190.3; *Schmidt v. Ritter Horticultural Services, Inc.*, 678 S.W.3d 134, 136 (Mo. App. 2023). In the event of an untimely application for review with the Commission, "the Commission has no authority to consider the merits of the application for review, and dismissal is proper." *Dewes*. 660 S.W.3d at 494. Furthermore, this Court may only address issues determined by the Commission and may not consider issues that were not before the Commission. *Fast v. Div. of Emp. Sec.*, 671 S.W.3d 390, 393 (Mo. App. 2023).

First, Bordas does not challenge the Commission's decision that her appeal was untimely and instead attempts to attack the merits of the Division's finding. This she cannot do. *Stanton v. Div. of Emp. Sec.*, 321 S.W.3d 486, 488 (Mo. App. 2010); *Porter v. Div. of Emp. Sec.*, 688 S.W.3d 26, 28-29 (Mo. App. 2024). Moreover, Bordas did not file her application for review until two months *after* it was due. Thus, the Commission correctly decided that it did not have authority to consider the merits of Bordas's claim. *Jacobson v. Syberg's Eating and Drinking Company, Inc.*, 652 S.W.3d 376 (Mo. App. 2022).

**Conclusion**

Appeal dismissed.[2]

_____
JAMES M. DOWD, JUDGE

Rebeca Navarro-McKelvey, P.J., and
Gary M. Gaertner, Jr., J. concur.

---

[2] We need not address the Division's motion to dismiss.