Clarence WILSON, Claimant/Appellant,

v.

**PROFESSIONAL FUNERAL DIRECTOR SERVICES, and Division of Employment Security, Respondents.**

No. ED 85887.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2005.

Clarence Wilson, St. Louis, pro se.

Cynthia A. Quetsch, Jefferson City, MO, for Respondent Professional Funeral Director Service.

GEORGE W. DRAPER III, Chief Judge.

Clarence Wilson (Claimant) applied for unemployment benefits after he quit his job with Professional Funeral Director Services. A deputy from the Division of Employment Security concluded that Claimant was ineligible for unemployment benefits, because he voluntarily quit his job without good cause attributable to work or his employer. Claimant appealed to the Appeals Tribunal of the Division of Employment Security, which modified the deputy's determination, but still denied unemployment benefits. Claimant then appealed to the Labor and Industrial Relations Commission (Commission), which dismissed the application for review because it was untimely. Claimant appeals to this Court. We dismiss the appeal for lack of jurisdiction.

In an unemployment compensation case, a claimant has only thirty (30) days to file an application for review with the Commission after the mailing of the Appeals Tribunal decision. Section 288.200.1, RSMo 2000. Here, the Appeals Tribunal certified that it mailed its decision to Claimant on December 2, 2004. Therefore, Claimant's application for review to the Commission was due thirty days later, on Monday, January 3, 2005. Sections 288.200.1, Section 288.240, RSMo 2000. The record on appeal establishes that Claimant's application for review to the Commission was faxed on January 19, 2005. A faxed application for review is deemed filed on the date the Division's fax machine receives it. 8 C.S.R. 20–4.010(1)(C). Therefore, Claimant's application for review was untimely.

This Court has a duty to examine its jurisdiction *sua sponte*. *Crowden v. General Sign Co.*, 133 S.W.3d 562, 562 (Mo.App. E.D.2004). We issued an order directing Claimant to show cause why his appeal should not be dismissed. He has not filed a response or disputed the dates provided in the record on appeal.

In unemployment cases, the time guidelines for seeking review of the Appeals Tribunal decision are mandatory and require strict compliance. *Robinson v. Dynacraft, Inc.*, 142 S.W.3d 213, 214 (Mo. App. E.D.2004). Failure to comply with

the statutory time limit for filing an application for review results in a lapse of jurisdiction and the loss of the right to appeal. *Freeman v. Plaza Motors Co.*, 128 S.W.3d 613, 614 (Mo.App. E.D.2004). The failure to file a timely application for review divests both the Commission and this Court of jurisdiction. *Id.* Our only recourse is to dismiss the appeal.

The Claimant's appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., CONCUR.