Demetrius WHITE, Claimant/Appellant,

v.

EBG HEALTH CARE II, INC., and Division of Employment Security, Respondents.

No. ED 87936.

Missouri Court of Appeals, Eastern District, Division Five.

June 30, 2006.

Cynthia A. Quetsch, Jefferson City, MO, for respondent.

Demetrius White, Saint Louis, MO, claimant/appellant acting pro se.

902

EBG Health Care II, Inc., Springfield, MO, respondent acting pro se.

GLENN A. NORTON, C.J.

In this unemployment case, Demetrius White (Claimant) appeals the decision of the Labor and Industrial Relations Commission (Commission) dismissing his application for review. We dismiss the appeal.

A deputy of the Division of Employment Security denied Claimant's application for unemployment benefits. Claimant sought review of that decision with the Appeals Tribunal. The Appeals Tribunal dismissed his appeal and mailed this decision to Claimant on January 11, 2006. Claimant then filed an application for review on March 13, 2006, with the Commission, which dismissed the application as untimely. Claimant has now appealed to this Court.

 The Division has filed a motion to dismiss Claimant's appeal. Claimant has not filed a response. The Division asserts that this Court is without jurisdiction over Claimant's appeal, because his application for review to the Commission was untimely.

In unemployment cases, an application for review to the Commission must be filed within thirty (30) days of the mailing of the Appeals Tribunal decision. Section 288.200.1, RSMo 2000. The statute provides no procedure for filing a late application for review. Therefore, any failure to file a timely application for review divests the Commission of jurisdiction and it can only dismiss the application for review. *Brown v. MOCAP, Inc.,* 105 S.W.3d 854, 855 (Mo.App. E.D.2003). Further, if the Commission does not have jurisdiction, this Court is also without jurisdiction, because our jurisdiction is derived from that of the Commission. *Id.*

The Appeals Tribunal mailed its decision to Claimant on January 11, 2006. His application for review to the Commission was due thirty days later, on February 10, 2006. Section 288.200.1. Claimant filed his application for review on March 13, 2006, which is untimely. The untimely application for review automatically deprived the Commission, and ultimately this Court, of jurisdiction over the merits of his case. *Jones v. Guardian Employer East, L.L.C.,* 87 S.W.3d 893 (Mo.App. E.D.2002).

The Division's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concurring.