Bernice BOLES, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

No. WD 73859.

Missouri Court of Appeals, Western District.

Dec. 6, 2011.

Bernice Boles, Kansas City, MO, Appellant, pro se.

Leah Williamson, Jefferson City, MO, for Respondent.

Before Division II: MARK D. PFEIFFER, Presiding Judge, and VICTOR C. HOWARD and CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Presiding Judge.

Bernice Boles ("Boles") appeals from the Labor and Industrial Relations Commission's ("Commission") ruling dismissing her unemployment benefits appeal because her application for review was not timely filed. We affirm.

## Factual and Procedural Background

Boles worked for Today's Child Learning Center, Inc. ("Today's Child"), as an infant room teacher. In October 2010, Boles left employment at Today's Child. According to Boles, she was fired because Today's Child's enrollment was too low to support Boles's working hours and because she protested when she could not cash her paycheck due to insufficient funds. But according to the owner of Today's Child, Boles voluntarily left her employment because she was not getting enough hours at work.

Boles filed for unemployment benefits from the Division of Employment Security (the "Division"). A Division deputy investigated Boles's claim and determined that she voluntarily left her job and, therefore, did not qualify for benefits.

The deputy's determination was mailed to Boles on December 8, 2010. Boles then had until January 7, 2011, to file an appeal with the Division's Appeals Tribunal. She did not do so until January 12, 2011. Because her appeal was untimely, the Appeals Tribunal dismissed it in an order dated January 31, 2011.

Boles then had until March 2, 2011, to file an application for review with the Commission. Boles did not do so until March 21, 2011. The Commission, after receiving Boles's untimely application, determined that it did not have the statutory authority to review Boles's substantive claim and dismissed her application. Boles, acting *pro se*, then appealed to this court.

## Standard of Review

■■■ "In the absence of fraud, the Commission's factual findings are conclusive and binding on this Court if supported by competent and substantial evidence." *Ragan v. Fulton State Hosp. & Div. of Emp't Sec.*, 188 S.W.3d 473, 474 (Mo.App. E.D.2006). "Our function is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result." *Id.* (quoting *Shields v. Proctor & Gamble Paper Prods. Co.*, 164 S.W.3d 540, 543 (Mo. App. E.D.2005)). This court "may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Chase v. Baumann Prop. Co.*, 169 S.W.3d 891, 892 (Mo.App. E.D.2005). Because the issue before the Commission was the timeliness of Boles's appeal from the Appeals Tribunal Order to the Commission, that is the issue we must address. *Id.*

## Timeliness of Appeal to Commission

■■■ In her sole point on appeal, Boles appears to argue that the Commission erred in dismissing her claim because she claims her appeal was, in fact, timely.[1] We disagree.

1. Boles's brief has a number of problems, as noted by the Division. Her first brief was struck by this court for failure to comply with Rule 84.04. Her amended brief addresses some of the problems in her first brief, but, as the Division points out, she did not correctly identify the challenged ruling, did not state a legal reason why the ruling was incorrect, and did not follow her Point with a list of authorities. Her amended argument does include reference to pages of the brief's appendix; Rule 84.04(i), however, requires citation to pages in the legal file or transcript. Also,

Boles has not provided this court with a concise statement of the applicable standard of review for her claim of error. While this court is "mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a *pro se* appellant preferential treatment." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo.App. W.D.2007). However, Boles's brief does not appear to be so deficient that this

■ Under section 288.070.4,[2] a deputy of the Division "shall promptly examine each initial claim and make a determination of the claimant's status as an insured worker." After that determination is made, the deputy shall notify the claimant in writing of the determination. § 288.070.5. The deputy's decision becomes final "[u]nless the claimant ... files an appeal from such determination" within thirty days after the determination is mailed. § 288.070.6. "If an adverse decision has been rendered, it is claimant's responsibility to register his disapproval and seek reversal in a timely fashion." *Todaro v. Labor & Indus. Relations Comm'n of Mo.*, 660 S.W.2d 763, 766 (Mo.App. E.D.1983). Boles did not file her appeal to the Appeals Tribunal until January 12, 2011—thirty-five days after the deputy's determination was mailed to her.

■ The Appeals Tribunal dismissed her appeal on January 31, 2011. Boles then had thirty days to file an application for review with the Commission. § 288.200. Boles filed her application on March 21, 2011—forty-nine days after the Appeals Tribunal mailed its decision.[3] As the East-

ern District of this court has noted, the statute "does not provide for late filing and does not recognize any exceptions for filing out of time" with the Commission. *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000).

Here, the Appeals Tribunal determined (and the Commission agreed) it did not have the statutory authority to consider Boles's appeal: "[I]t is apparent that [Boles's appeal] was not filed within the thirty-day statutory time limit and that the deputy's determination has become final." The Appeals Tribunal and Commission both properly determined that they did not have the statutory authority[4] to review Boles's substantive claim and, as such, were required to dismiss her administrative appeal.

Even though Boles represents herself in this case, she is still held to the same standards as those represented by counsel. *Lanham v. Div. of Emp't Sec.*, 340 S.W.3d 324, 327 (Mo.App. W.D.2011). Boles is not entitled to indulgences she would "not have received if represented by counsel."

---

court must become an advocate for her to decipher her argument. *See id.* at 147. Thus, we will not strike Boles's brief and otherwise dismiss her appeal, but instead, we address the substance of the error she has claimed.

2. All statutory citations are to RSMo 2000 as updated through the 2010 Cumulative Supplement, unless otherwise indicated.

3. In addition to her brief's deficiencies, the Division claims that Boles has not actually preserved any appealable issue because her Point Relied On only addresses her untimely filing to the Appeals Tribunal and stands mute on her untimely filing to the Commission. Again, however, even if Boles had properly argued the issue, the Commission's order would still be affirmed. Under section 288.200, there is no excuse for untimely filing with the Commission.

4. The Division argues that, under section 288.200, neither the Commission nor this court possesses jurisdiction to hear Boles's case. We disagree, as it is clear that Boles timely filed her appeal with this court after the Commission issued its order. As the Southern District recently recognized, appellate courts should affirm the Commission's order of dismissal based on the Commission's lack of statutory *authority* to consider the application for review, rather than dismiss the appeal of the Commission's order for lack of *jurisdiction* when, as here, the Claimant has not timely filed an application for review with the Commission but has filed a timely notice of appeal of the Commission's order dismissing the Claimant's untimely application for review. *See Beebe v. Naviaux*, 327 S.W.3d 576, 578 (Mo.App. S.D.2010). We agree and have proceeded in like fashion in our ruling today.

*Kline v. Casey's Gen. Stores, Inc.*, 998 S.W.2d 140, 141 (Mo.App. S.D.1999). " 'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.' " *Id.* (citations omitted). Therefore, despite her *pro se* status, Boles's failure to comply with the time limits of section 288.200 determines the outcome of her appeal: The Commission did not have statutory authority to consider the merits of her claim and properly dismissed her application for review. The Commission did not err in determining that it had no such statutory authority, and its ruling is affirmed.

### Conclusion

Because Boles did not timely file her application for review with the Commission, the Commission did not have statutory authority to review the denial of her unemployment benefits. Substantial and competent evidence supports the Commission's determination that it lacked such statutory authority, and its ruling is affirmed.

VICTOR C. HOWARD and CYNTHIA L. MARTIN, JJ., concur.