## Pamela J. FOSTER and William D. Foster, d/b/a E'Lad Enterprises, Appellants,

v.

### DIVISION OF EMPLOYMENT SECURITY, Respondent.

#### Nos. WD 73826, WD 73827.

Missouri Court of Appeals,
Western District.

Dec. 27, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2012.

Application for Transfer Denied
April 3, 2012.

Paul W. King, for Appellants.

Shelly A. Kintzel, for Respondent.

Before Division Two: MARK D. PFEIFFER, Presiding Judge, VICTOR C. HOWARD, Judge and CYNTHIA L. MARTIN, Judge.

VICTOR C. HOWARD, Judge.

Pamela Foster and William Foster, doing business as E'Lad Enterprises, appeal from two decisions in which the Labor and Industrial Relations Commission ("the Commission") found that the Fosters were operating a taxicab business and that one of its taxi drivers was an employee, rather than an independent contractor, of the taxicab business. The decisions of the Commission are set aside.

## Factual and Procedural Background

Pamela Foster and William Foster operate a Springfield Yellow Cab franchise. An individual who drove a cab for the franchise filed a claim for unemployment benefits after she ceased driving for the franchise. Because no wages had been reported for the driver, the Division of Employment Security ("the Division") conducted an investigation.

A deputy of the Division determined that the Fosters were employers subject to Missouri Employment Security Law. In a separate determination, the Division found that the driver who filed for unemployment benefits was an employee of the Fosters rather than an independent contractor.

The Fosters appealed both determinations, and the Appeals Tribunal heard the

cases in a consolidated hearing. The Appeals Tribunal affirmed the deputy's determinations, and its decisions were mailed to the Fosters on August 3, 2010. The Fosters filed their applications for review with the Commission on September 3, 2010. After considering the applications for review, the Commission affirmed the decisions of the Appeals Tribunal and provided supplemental findings of fact and analysis. The Fosters then appealed to this court.

## Standard of Review

 Appellate review of the Commission's decision in an unemployment compensation case is governed by section 288.210, RSMo 2000. *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010). On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on only the following grounds: " '(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award.' " *Id.* (quoting *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889–90 (Mo.App. E.D. 2008)); *see also* § 288.210.

## Discussion

 Prior to addressing the merits of the Fosters' appeal, we consider the Division's motion to dismiss the appeal. In its motion, the Division contends that the Fosters' applications for review with the Commission were untimely, thereby divesting the Commission, and in turn this court, of jurisdiction.

Pursuant to section 288.200.1, RSMo 2000, "Any of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within thirty days following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission." The decisions of the Appeals Tribunal were mailed to the Fosters on August 3. Therefore, the Fosters' applications for review by the Commission were due on September 2. The Fosters filed their applications for review on September 3. Thus, the applications for review were untimely.

 "In unemployment cases, the time guidelines for seeking review of the Appeals Tribunal decision are mandatory and require strict compliance." *Wilson v. Prof'l Funeral Dir. Servs.*, 166 S.W.3d 132, 133 (Mo.App. E.D.2005). Section 288.200 "does not provide for late filing and does not recognize any exceptions for filing out of time." *Phillips v. Clean–Tech*, 34 S.W.3d 854, 855 (Mo.App. E.D.2000). Because unemployment benefits are solely a creature of statute, we cannot create exceptions where none exist. *Nettles v. Barnes–Jewish Hosp.*, 336 S.W.3d 477, 478 (Mo.App. E.D.2011). Therefore, a failure to comply with the statutory time limit for filing an application for review results in a loss of the right to appeal, and the Commission can only dismiss the application for review. *See Wilson*, 166 S.W.3d at 133–34; *White v. EBG Health Care II, Inc.*, 194 S.W.3d 901, 902 (Mo.App. E.D. 2006).

The Division argues that the Fosters' appeal should be dismissed for lack of jurisdiction. However, the question in this case is not whether this court has jurisdiction. *See generally J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 254 (Mo. banc 2009). Rather, the question is whether the Commission had the statutory authority to consider the Fosters' untimely applications for review. We find that where the Fosters' applications for review were untimely, and the statutes provide no exceptions for filing out of time, the Commission acted in

excess of its statutory authority in considering the untimely applications for review and in entering decisions on the merits of the case.

Pursuant to section 288.210, this court may set aside the decision of the Commission on the grounds that the Commission acted without or in excess of its power. Therefore, we set aside the decisions of the Commission and reinstate the decisions of the Appeals Tribunal.

All concur.