

# In the
# Missouri Court of Appeals
## Western District

MEANA WARD, )
)
Appellant, )  WD82713 Consolidated with
)  WD82715 and WD82716
v. )
)  OPINION FILED: April 28, 2020
DIVISION OF EMPLOYMENT )
SECURITY, )
)
Respondent. )

### Appeal from the Labor and Industrial Relations Commission

Before Division One: Lisa White Hardwick, Presiding Judge, Cynthia L. Martin, Judge
and Thomas N. Chapman, Judge

Meana Ward ("Ward") appeals from the Labor and Industrial Commission's ("Commission") decisions to dismiss her appeals of decisions by the Division of Employment Security Appeals Tribunal denying Ward's claim for unemployment and finding that Ward was overpaid unemployment benefits, and to affirm the assessment of the overpayment of unemployment benefits to Ward. Ward argues that she was entitled to unemployment benefits. We affirm in part and dismiss in part.

**Factual and Procedural History**

Ward worked as a front desk clerk for Intercontinental Hotels Group Resources, Inc. ("Employer") from July 2016 to March 3, 2017. Ward requested approval to take a few weeks off to take care of a family matter. Before taking time off, the Employer informed Ward that she would have to reapply for her job when she was ready to return to work.

Ward applied for unemployment benefits with the Missouri Division of Employment Security ("DES") after she left employment. On February 27, 2018, a DES deputy determined that Ward was disqualified for unemployment benefits because she left work with the Employer voluntarily without good cause attributable to her work or to the Employer. The same day, a DES deputy made a separate determination that Ward was overpaid unemployment benefits totaling $6,306.38 from March 2017 through July 2017.

Ward appealed both determinations to the Appeals Tribunal. The Appeals Tribunal assigned Appeal No. 2029707 to Ward's appeal of the decision that she left work voluntarily without good cause, and Appeal No. 2029777 to Ward's appeal of the decision that she was overpaid unemployment benefits. The Appeals Tribunal scheduled separate telephone hearings for the appeals on April 9, 2018. Ward did not call into the hearings at the scheduled times, and her appeals were dismissed. Ward later informed the Appeals Tribunal that she did not receive notice of the telephone hearings. The Appeals Tribunal agreed to reconsider Ward's appeals and scheduled telephone hearings on May 17, 2018.

Ward participated in the May 17, 2018 telephone hearings. On May 24, 2018, in Appeal No. 2029707, the Appeals Tribunal concluded that Ward left work voluntarily, relying on evidence that Ward requested to take weeks off work, that the Employer had

2

work available for Ward after her last day, and that Ward knew that she would need to reapply for her job when she was ready to return to work. The Appeals Tribunal further found that Ward did not voluntarily leave her job for good cause because there was no causal connection between Ward's reason to quit--to take care of a family matter--and her work or the Employer. As such, the Appeals Tribunal denied Appeal No. 2029707. On the same day, in Appeal No. 2029777, the Appeals Tribunal concluded that, because it had determined in Appeal No. 2029707 that Ward was not entitled to unemployment benefits, Ward was overpaid $6,306.38 in unemployment benefits from March 5, 2017, to July 22, 2017.

On October 31, 2018, DES mailed Ward an overpayment determination indicating that she owed DES $6,306.38 in overpaid unemployment benefits and informing Ward that DES would collect weekly restitution from any future unemployment benefit payments, as authorized by section 288.380.[1]

Ward appealed this assessment to the Appeals Tribunal on November 19, 2018. This appeal was designated as Appeal No. 2043275. The Appeals Tribunal determined that its review of a petition for reassessment is effectively limited to the determining whether any omissions or mistakes were made in calculating the assessment. The Appeals Tribunal found the assessment of $6,306.38 was correctly calculated and denied Ward's appeal.

---

[1] All statutory references are to RSMo 2016 as supplemented through March 3, 2017, the date of Ward's discharge from employment, unless otherwise noted.

3

On February 14, 2019, Ward appealed the Appeals Tribunal's May 24, 2018 decisions in Appeal No. 2029707 (unemployment eligibility) and Appeal No. 2029777 (overpayment of unemployment benefits) to the Commission. On March 7, 2019, the Commission issued orders dismissing the appeals as untimely pursuant to section 288.200.

On February 19, 2019, Ward appealed the Appeals Tribunal's decision in Appeal No. 2043275 to the Commission. The Commission found that the Appeals Tribunal's decision was "fully supported by the competent and substantial evidence on the whole record" and concluded that the decision was "in accordance with the relevant provisions of the Missouri Employment Security Law." The Commission adopted the Appeals Tribunal's decision as its own without modification.

Ward appealed the Commission's decisions in Appeals No. 2029707, 2029777, and 2043275 to this Court. The appeals were consolidated.

## Standard of Review

Appellate review of decisions by the Commission is governed by article V, section 18 of the Missouri Constitution and section 288.210. We may modify, reverse, remand for rehearing, or set aside the decision of the Commission only if we find one of the following:

(1) That the commission acted without or in excess of its powers;

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210.

4

**Analysis**

Ward's brief sets forth three points relied on. In the first, Ward argues that DES erred in finding that Ward's separation of employment was voluntary because she requested leave to care for an ill family member and there was no evidence that she engaged in misconduct. In the second, Ward argues that DES erred in finding that Ward was disqualified from unemployment benefits because her separation from employment was involuntary due to a lack of hours. In the third, Ward argues that the Commission erred in finding that it did not have jurisdiction to review her applications for review.

Though Ward's brief initially sets forth these points on appeal, the brief does not restate each point prior to relevant argument. Instead, Ward's brief describes a different point on appeal at the outset of the argument section. That point alleges that the Appeals Tribunal erred in finding that Ward "was voluntarily [separated] from employment, disqualified for unemployment benefits, and overpaid unemployment benefits [because] [t]he evidence clearly shows that [Ward] was discharged due to a lack of work [so that she is] eligible for benefits." [Appellant's Brief, p. 10] The argument section of the brief expands well beyond this "point," as Ward asserts not only that she was entitled to unemployment benefits, but also that the Commission's determination that it had no jurisdiction to review the Appeals Tribunal's decisions in Appeal Nos. 2029707 and 2029777 was in error because section 288.200.2 permits the Commission to reconsider a decision if doing so is essential to accomplish the object and purpose of the law.

Ward's brief is rife with Rule 84.04(e) violations in that (1) the argument section fails to substantially follow the order of her three points relied on; (2) the argument fails to

5

restate her three points relied on in the argument section and instead introduces a fourth point relied on; (3) the argument fails to include a concise statement about preservation for each point on appeal; and (4) the factual assertions do not include specific references to the record on appeal. The briefing requirements in Rule 84.04 are mandatory, and "[i]n the interest of judiciary impartiality, judicial economy and fairness to all parties, *pro se* appellants are held to the same standards as attorneys regarding the mandatory appellate briefing rules." *Walker v. Div. of Emp't Sec.*, 592 S.W.3d 384, 388 (Mo. App. W.D. 2020) (citing and quoting *Hubbard v. Schaefer Autobody Ctrs., Inc.*, 561 S.W.3d 458, 460-61 (Mo. App. E.D. 2018)). While the failure to comply with Rule 84.04 warrants dismissal, we prefer to dispose of a case on the merits if we can discern the argument being made. *KC Air Cargo Servs., Inc. v. City of Kansas City*, 581 S.W.3d 685, 690 n.2 (Mo. App. W.D. 2019). Because we can easily discern the arguments being made by Ward, we review her appeal *ex gratia*.[2]

Ward's arguments on appeal can be summarized as asserting that the DES deputy and Appeals Tribunal erred in concluding that she left work voluntarily without good cause attributable to her work or the Employer, and that section 288.200.2 gave the Commission jurisdiction to consider her untimely applications for review of decisions to deny Ward unemployment benefits and to conclude Ward was overpaid unemployment benefits. We disagree.

---

[2]DES has filed a motion to strike Ward's brief and to dismiss the appeal for lack of jurisdiction and for failure to comply with briefing rules. Because we have concluded that we can easily discern Ward's argument on appeal despite the briefing errors and because we have rejected DES's argument that we lack subject-matter jurisdiction over the appeal, see *infra* note 3, we deny the motion.

Ward's efforts to seek review by the Commission of the Appeals Tribunal's decisions in Appeal No. 2029707 (unemployment eligibility) and in Appeal No. 2029777 (overpayment of unemployment benefits) were not timely, as her applications for review were filed nearly nine months after the Appeals Tribunal issued its decisions. Section 288.200.1 provides that an unemployment claimant has thirty days from the mailing of the Appeals Tribunal's decision to file an application for review with the Commission. "In unemployment cases, the time guidelines for seeking review of the Appeals Tribunal decision are mandatory and require strict compliance." *Foster v. Div. of Emp't Sec.*, 360 S.W.3d 851, 853 (Mo. App. W.D. 2011) (quoting *Wilson v. Prof'l Funeral Dir. Servs.*, 166 S.W.3d 132, 133 (Mo. App. E.D. 2005)). There is no provision in section 288.200.1 to allow for filing out of time. *Id.* While section 288.200.2 allows the Commission to "reconsider any determination or redetermination or decision wherein any such right, fact or matter at issue was determined or necessarily involved when it appears that such reconsideration is essential to accomplish the object and purposes of the law," that section speaks in terms of its own decisions, not the decisions of a DES deputy or the Appeals Tribunal. *See King v. Chrysler Corp.*, 91 S.W.3d 696, 698 n.1 (Mo. App. E.D. 2002). "Because unemployment benefits are solely a creature of statute, we cannot create exceptions where none exist." *Foster*, 360 S.W.3d at 853. As such, "a failure to comply with the statutory time limit for filing an application for review results in a loss of the right to appeal, and the Commission can only dismiss the application for review." *Id.* The Commission properly concluded that it did not have statutory authority to review Ward's

claims of error of the Appeals Tribunal's decisions in Appeal Nos. 2029707 and 2029777, and properly dismissed Ward's appeals thereof.[3]

Though Ward's appeal to this Court purported to challenge the Commission's decision in connection with Appeal No. 2043275 (confirming the overpayment assessment calculation), Ward's brief alleges and develops no error specific to Appeal No. 2043275, and the claim of error is abandoned.[4]

**Conclusion**

We affirm the Commission's dismissal of Ward's appeals of the Appeals Tribunal decisions in Appeal Nos. 2029707 and 2029777. We dismiss Ward's appeal of the Commission's decision in Appeal No. 2043275.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[3]DES argues on appeal that because Ward did not timely appeal the Appeals Tribunal's decisions in Appeal Nos. 2029707 and 2029777 to the Commission, neither the Commission nor this court possesses jurisdiction to hear Ward's case. We rejected this argument in _Boles v. Division of Employment Security_, 353 S.W.3d 465, 468 n.4 (Mo App. W.D. 2011). Agreeing with the Southern District, we held:

> [A]ppellate courts should affirm the Commission's order of dismissal based on the Commission's lack of statutory _authority_ to consider the application for review, rather than dismiss the appeal of the Commission's order for lack of _jurisdiction_ when, as here, the Claimant has not timely filed an application for review with the Commission but has filed a timely notice of appeal of the Commission's order dismissing the Claimant's untimely application for review.

_Id._ (citing _Beebe v. Naviaux_, 327 S.W.3d 576, 578 (Mo. App. S.D. 2010)).

[4]DES has filed a motion asking us to strike the exhibit filed in this court by Ward. The exhibit is a CD containing an audio recording of the hearings before the Appeals Tribunal in Appeal Nos. 2029707 and 2029777. DES argues that we should strike the audio recording because we have no subject-matter jurisdiction over this appeal because Ward failed to comply with the statutory time limitations for appealing the Appeals Tribunal's decision and because Ward's filing of the exhibit is in contravention of a previous order denying supplementation of the record. We do not agree with DES's assertion that we do not have subject-matter jurisdiction over this appeal. _See supra_ note 3. Further, filing the motion was not in contravention of our previous order because we first denied Ward's motion asking DES to file transcripts of the hearings before the Appeals Tribunal in Appeal Nos. 2029707 and 2029777, but then later we sustained Ward's motion to file the exhibit out of time. As such, we deny DES's motion to strike the exhibit filed in this court by Ward.