

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JENNIFER A. JACOBSON, | ) | No. ED110118 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | |
| | ) | |
| SYBERG'S EATING AND DRINKING | ) | |
| COMPANY, INC., and DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: September 6, 2022 |

## OPINION

In this unemployment compensation case, Appellant Jennifer Jacobson appeals from an order of the Labor and Industrial Relations Commission dismissing her application for review of the Division of Employment Security's Appeals Tribunal's decision disqualifying her from unemployment benefits upon its finding that she was discharged for misconduct connected to work. Like the Commission, we are compelled to dismiss Jacobson's appeal because she missed the mandatory statutory deadline - albeit by one day - to apply to the Commission for review of the Appeals Tribunal's decision.

**Background**

In 2019, Syberg's Eating and Drinking Company ("Syberg's") hired Jacobson as a server at two restaurants it owned in St. Louis County, Syberg's Gravois and Helen Fitzgerald's. At that time, Syberg's provided to Jacobson its written standards of conduct and Jacobson acknowledged receipt of those standards by signing the employee handbook on two occasions. Those standards provided that certain conduct, such as "insubordination," "poor performance," and "disrespectful conduct towards visitors and customers," may result in disciplinary action, including termination.

During a busy shift on February 14, 2020, Jacobson lost her temper and verbally attacked her supervisor, an incident for which she received a verbal reprimand. On February 21 and 22, 2020, Syberg's received multiple customer complaints regarding Jacobson's behavior. Concerned that Jacobson's continued employment posed a risk to its business, Syberg's terminated Jacobson from both server positions on February 25, 2020.

In March 2020, Jacobson filed an unemployment benefits claim with the Division of Employment Security. A deputy from the Division determined that Jacobson was disqualified for unemployment benefits because she was discharged for misconduct connected with work. Jacobson appealed to the Division's Appeals Tribunal.

On August 17, 2021, the Appeals Tribunal affirmed the deputy's determination. On September 17, 2021, thirty-one days later, Jacobson filed her appeal to the Commission. Finding her appeal untimely, the Commission dismissed it for lack of jurisdiction. This appeal follows.

**Standard of Review**

This Court is authorized by article V, section 18 of the Missouri Constitution to determine if the Commission's decision is "authorized by law" and "supported by competent and substantial evidence upon the whole record." *Darr v. Roberts Marketing*, 428 S.W.3d 717, 719 (citing

2

*Pulitzer Publishing Co. v. Labor & Indus. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980)). Under section 288.210(4)[1] of the Missouri Employment Security Law, this Court may modify, reverse, remand for rehearing, or set aside the decision of the Commission if "there was no sufficient competent evidence in the record to warrant the making of the award." *Ward v. Div. of Emp't Sec.*, 600 S.W.3d 283, 286 (Mo. App. W.D. 2020).

On appeal, we "may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Boles v. Div. of Emp't Sec.*, 353 S.W.3d 465, 467 (Mo. App. W.D. 2011) (quoting *Chase v. Baumann Property Co.*, 169 S.W.3d 891, 892 (Mo. App. E.D. 2005)). Because the issue before the Commission was the timeliness of Jacobson's appeal of the Appeals Tribunal's decision, our analysis is constrained to this issue alone. *Id.*

### Analysis

We have a duty to examine our jurisdiction sua sponte. *Dorcis v. Division of Employment Sec.*, 168 S.W.3d 728, 729 (Mo. App. E.D. 2005). The right to appeal is granted by statute, "and where statutes do not give such a right, no appeal exists." *Mathis v. Louis County Health*, 84 S.W.3d 524, 525 (Mo. App. E.D. 2002). Under section 288.200.1, any party to a decision of the Appeals Tribunal may file an application for review with the Commission "within thirty days following the date of notification or mailing of such decision." *Sanders v. Div. of Emp't Sec.*, 392 S.W.3d 540, 543 (Mo. App. W.D. 2013). Here, Jacobson's clock began to run on August 17, 2021, the day that, according to our record, the Appeals Tribunal mailed its decision. By statute, therefore, Jacobson had until September 16, 2021, to mail or fax her application to the Commission for review of the Appeals Tribunal's decision. Her faxed application was not received by the

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

Commission until September 17, 2021, one day after the deadline.[2] Thus, Jacobson's appeal to the Commission was untimely.

In an unemployment case, the statutory time limits for seeking review of the Appeals Tribunal's decision are mandatory and require strict compliance. *Foster v. Div. of Emp't Sec.*, 360 S.W.3d 851, 853 (Mo. App. W.D. 2011). An application for review filed outside of the thirty-day window is untimely and the Commission has no statutory authority to accept it. *See* Mo. Code Regs. Ann. tit. 8, § 20-4.010(6) (2022). In *Foster*, appellants received a decision of the Appeals Tribunal on August 3, 2010, but did not file an application for review with the Commission until September 3, 2010, thirty-one days later. 360 S.W.3d at 853. In that case, this Court found that section 288.200 "does not provide for late filing and does not recognize any exceptions for filing out of time." *Id.* (quoting *Phillips v. Clean-Tech*, 34 S.W.3d 854, 855 (Mo. App. E.D. 2000)). Furthermore, "[b]ecause employment benefits are solely a creature of statute, we cannot create exceptions where none exist," even where the appellant misses the deadline by a hair. *Id.* (citing *Nettles v. Barnes-Jewish Hosp.*, 336 S.W.3d 477, 478 (Mo. App. E.D. 2011)).[3]

Failure to file an application for review within the statutory time limit divests the Commission of jurisdiction and results in the loss of the right to appeal, leaving the Commission with no recourse but to dismiss. *Garlock v. Global Products, Inc.*, 241 S.W.3d 855, 856 (Mo.

---

[2] When an application for review is filed by fax and received by the Division on a regular workday, the application is considered filed on that day. *See* Mo. Code Regs. Ann. tit. 8, § 20-4.010(1)(C) (2022). Our records reflect that Jacobson's application was faxed to the Division on Friday, September 17, 2021, at 4:50 P.M.

[3] We recognize the stark and unforgiving nature of this result. However, when our review is governed by statute, and the language of the statute is clear, "we must give effect to the language as written." *Merriweather v. Chacon*, 639 S.W.3d 494, 503 (Mo. App. E.D. 2021). While the legislature allows for late filing or deadline extensions in other contexts, there is nothing in section 288.200 that can be construed to allow for untimely appeals to the Commission.

App. E.D. 2007).  Because our jurisdiction is derivative of the Commission's, if it lacks jurisdiction, then so do we.  *Id.*  Accordingly, we dismiss.

_____
James M. Dowd, Judge

Kelly C. Broniec, P.J., and
Philip M. Hess, J. concur.

5