

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **MARY ANN DEWES,** | **WD85578** |
| **Appellant,** | **OPINION FILED:** |
| **v.** | **February 7, 2023** |
| **DIVISION OF EMPLOYMENT SECURITY,** | |
| **Respondent.** | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three:**
**Thomas N. Chapman, P.J., Mark D. Pfeiffer and Cynthia L. Martin, JJ.**

Mary Dewes ("Dewes") appeals an order of the Labor and Industrial Relations Commission ("Commission") that purported to dismiss as untimely her application for review of an "April 11, 2021" decision (regarding overpayment of unemployment compensation benefits) by the Appeals Tribunal. However, no such Appeals Tribunal decision was issued on April 11, 2021.[1] Because the Commission's dismissal order fails to provide any indication that the

---

[1] In her first application for review (which appears to have been submitted to the Commission on or about August 2, 2021), Dewes sought review of a May 28, 2021 Appeals Tribunal Corrected Decision, which denied her relief from a Division of Employment Security deputy's determination that she had been overpaid unemployment compensation benefits. In said first application for review, Dewes alleged that the copy of the decision she received in the mail only included three of the seven pages of the May 28, 2021 Corrected Decision and did not include the last page setting out her right to apply for review. On September 3, 2021, the Commission issued an order which indicated Dewes's application for review alleged facts that, if true, might bear on the timeliness of her application for review, and which instructed the Appeals Tribunal to develop evidence regarding matters bearing on the timeliness of said application for review and to then return the entire record to the Commission. Rather than merely developing a record regarding the timeliness of Dewes's application for review, the Appeals Tribunal conducted a hearing and

Commission addressed the appropriate application for review or that the Commission identified the correct date of the Appeals Tribunal decision, we remand to the Commission for the Commission to address the timeliness of Dewes's application for review of the May 28, 2021 decision of the Appeals Tribunal, and, if timely, to address Dewes's application for review in accordance with section 288.200.

**Background**

On January 15, 2021, the Division of Employment Security ("Division") mailed to Dewes a notice of its determination that Dewes had received an overpayment of unemployment benefits in the amount of $1,947.00. The determination notice indicated that Dewes had been paid during a period of ineligibility (May 30, 2020 to August 8, 2020) due to Dewes's "unintentional error, omission, or lack of knowledge of material fact." The notice indicated that the Division would collect restitution pursuant to section 288.380.[2]

Dewes appealed the overpayment determination to the Appeals Tribunal. On May 26, 2021, a telephone hearing was held. The Division of Employment Security's Exhibit 1 was introduced into evidence. Exhibit 1 was described in the transcripts as a nineteen-page packet of documents. At the hearing, Dewes was asked whether she had received a determination of ineligibility mailed September 14, 2020, which was described by the Appeals Tribunal as being

issued a decision on April 11, 2022, finding that Dewes's application for review was untimely, and determining that the deputy's order had thus become final. On April 22, 2022, Dewes filed another application for review (this time of the April 11, 2022 Appeals Tribunal decision). On July 6, the Commission issued its order dismissing as untimely Dewes's application to review a decision of the Appeals Tribunal issued on "April 11, 2021" (which is not the date of either of the Appeals Tribunal's decisions). In a footnote to its July 6, 2022 Order of Dismissal, the Commission noted that the Appeals Tribunal had failed to correctly follow its orders upon remand, and found that the Appeals Tribunal Order of April 11, 2022 was a nullity.

[2] Unless otherwise indicated, statutory references are to RSMo 2016.

the last page of Exhibit 1.[3] Dewes testified that she had never received that document. Dewes testified further that she and her family had moved to Florida on September 17, 2020. Dewes was then asked whether she had filed an appeal of that September 14, 2020 determination. Dewes testified that she did not because she would have had no reason to file an appeal without knowing there was a reason to file such an appeal.

Following the hearing, the Appeals Tribunal issued a "Corrected Decision of Appeals Tribunal" ("Corrected Decision"),[4] which listed a date of mailing as May 28, 2021. The Appeals Tribunal identified the issue of the hearing as whether Dewes was overpaid regular unemployment benefits for the period from May 24, 2020 through August 8, 2020. The Appeals Tribunal found that, on September 14, 2020, a deputy had determined that Dewes was ineligible for benefits beginning May 24, 2020, because she had "reasonable assurance." The Appeals Tribunal found that Dewes had not filed an appeal of that September 14, 2020 determination,

---

[3] The deputy's ineligibility determination that was described as containing a mailing date of September 14, 2020 is curiously not contained in our record on appeal. Such a document was described in the transcripts as having been introduced into evidence at the hearing as page 19 of the Division's Exhibit 1. Regarding appeals of disputed determinations, section 288.190.2 provides that "[a] full and complete record shall be kept of all proceedings in connection with a disputed determination . . . . The appeals tribunal shall include in the record and consider as evidence all records of the division that are material to the issues. . . ." Our record on appeal contains the transcripts of the May 26, 2021 hearing. Following the hearing, the transcripts contain a certification that attached were exhibits introduced into evidence at the hearing, specifically identifying the Division's Exhibit 1 as said exhibit. However, the pages that follow the certification in the transcripts do not track the exhibit as described at the hearing and do not appear to contain the September 14, 2021 determination notice.

[4] It is unclear from the record whether the Appeals Tribunal ever issued an initial decision prior to the Corrected Decision or when that initial decision was mailed as opposed to the Corrected Decision. The record on appeal appears to contain only the Corrected Decision, which exists in a peculiar format in which the text of the body of the decision is duplicated following a large blank space on the lower half of the third page of the document and the top half of the fourth page of the document. The reason for the duplication of the text following the blank space is unclear. Both the initial text and the duplicated text of the Corrected Decision indicated that it was "re-issued following the correction of certain information that was erroneously entered into the UInteract portal on May 26, 2021." The Corrected Decision did not provide further explanation of the necessity of the issuance of the Corrected Decision. On the seventh page of the Corrected Decision, following the duplication of the text of the body of the decision, the Corrected Decision indicated that the Corrected Decision was "[d]ated and mailed at Jefferson City, Missouri, this 28th day of May, 2021."

3

which had since become final. Thus, the Appeals Tribunal did not address the correctness of the deputy's determination that Dewes had erroneously been paid benefits for which a deputy had previously determined Dewes to be eligible prior to Dewes being paid such benefits. Instead, the Appeals Tribunal affirmed the deputy's overpayment determination solely on the basis that the prior September 14, 2020 deputy determination had not been appealed and had become final.

Dewes submitted an application for review with the Commission that appears to have been submitted on or about August 2, 2021.[5] Dewes's application for review indicated that she was only mailed a portion of what was contained in the Corrected Decision (3 of 7 pages), and that the copy she was mailed did not include any notice regarding her right to seek review by the Commission.[6] The application for review then stated that she later was able to access an additional four pages through online correspondence which included notice of her right to seek review of the Appeals Tribunal's Corrected Decision.

On September 3, 2021, the Commission issued an order remanding the matter to the Appeals Tribunal. The order of remand stated:

---

[5] Our record on appeal contains no findings by the Commission as to the form in which Dewes submitted her application for review or when Dewes's application for review of the May 28, 2021 Corrected Decision was considered filed. The record contains a document that appears to be a fax transmission with a time and date stamp of August 2, 2021. That document appears to be a copy of Dewes's application for review of the Appeals Tribunal Corrected Decision. Although this court could perhaps make assumptions regarding the form in which Dewes's application for review was filed, and the date on which the Commission received Dewes's application for review, we decline to do so. The Commission's remand order dated September 3, 2021 indicated that Dewes's application for review alleged facts that, if true, could bear on the timeliness of the application for review; however, the Commission never subsequently identified what these alleged facts were and never subsequently addressed whether said facts had been proven, which might bear on Dewes's application to review the May 28, 2021 Corrected Decision of the Appeals Tribunal.

[6] The May 28, 2021 Corrected Decision in our record on appeal is seven pages. The text of the decision ends in the middle of the third page before a large gap in the document extending to the middle of the fourth page where the text of the decision is repeated and followed by a page with a mailing date listed as May 28, 2021 and a statement of appeal rights. An original decision (if any) of the Appeals Tribunal (which may have preceded its "Corrected Decision") is not included in our record on appeal.

Mary A. Dewes, claimant, filed an Application for review with the Labor and Industrial Relations Commission. Claimant alleges facts that, if true, may bear upon the timeliness of the Application for Review.

The Commission remands this matter for a new hearing after adequate notice to the interested parties. The sole purpose of the hearing is to afford claimant an opportunity to prove, if claimant is able, that claimant filed a timely Application for Review. To that end, the Appeals Tribunal shall fully develop the evidence regarding matters that bear on the timeliness of the Application for Review. The Appeals Tribunal shall return the entire record to the Commission.

Following the Commission's order of remand, a hearing was held on January 12, 2022 before the Appeals Tribunal. On April 11, 2022, the Appeals Tribunal issued a decision in which it found that Dewes's application for review of the May 28, 2021 Corrected Decision was not filed timely with the Commission. The Appeals Tribunal then stated the issue before it was whether good cause existed for extending the filing period.[7] The Appeals Tribunal found that Dewes had failed to establish good cause for extending the filing period.

Dewes then filed with the Commission an application for review of the April 11, 2022 decision of the Appeals Tribunal.

On July 6, 2022, the Commission issued a dismissal order which stated:

The claimant's April 22, 2022, Application for Review of the April 11, 2021, Decision of the Appeals Tribunal is dismissed pursuant to § 288.200 RSMo, because it was neither postmarked nor received within thirty (30) days after the Appeals Tribunal Decision was mailed. Therefore, the Commission has no statutory authority to review the record of proceedings in this matter.

---

[7] The decision of the Appeals Tribunal indicated that the "good cause" standard that it was applying was set forth in section 288.070.10 and in 8 CSR 10-5.010(2)(C). However, neither of those provisions applies to the timeliness of an application for review filed with the Commission, which is separately addressed in section 288.200 and 8 CSR 20-4.010. Missouri courts have held that, with respect to the filing of an application for review with the Commission from an Appeals Tribunal decision, there is no good cause exception for an untimely filing. *See, e.g., Huckaby v. Div. of Emp. Sec.*, 363 S.W.3d 52, 54 (Mo. App. W.D. 2011).

The dismissal order also contained a footnote indicating that the Appeals Tribunal had exceeded the scope of the Commission's instructions in its prior remand order, such that the Appeals Tribunal's April 11, 2022 decision was to be disregarded entirely. The footnote stated:

> On April 11, 2022, the Appeals Tribunal issued a Decision of Appeals Tribunal in this matter. This was contrary to the September 3, 2021, order which explicitly instructed the Appeals Tribunal to return this matter to the Labor and Industrial Relations Commission for a decision to be issued by the Commission itself. As such, we disregard the Appeals Tribunal's April 11, 2022, decision in its entirety.

Dewes then filed a notice of appeal with the eastern district of our court. The appeal was then transferred to this court pursuant to section 288.210 and article V, section 11 of the Missouri Constitution.[8]

**Standard of Review**

Appellate review of decisions of the Commission issued pursuant to Chapter 288 is governed by article V, section 18 of the Missouri Constitution and section 288.210. *Ward v. Div. of Emp. Sec.*, 600 S.W.3d 283, 286 (Mo. App. W.D. 2020). Article V, section 18 of the Missouri Constitution provides that review of such decisions shall extend to whether the decision is authorized by law, and, in contested cases, whether the decision is "supported by competent and substantial evidence upon the whole record." In furtherance of Article V, section 18 of the Missouri Constitution, Section 288.210 provides that the court, on appeal,

> may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;

---

[8] At some point in 2020, Dewes began to reside in Florida. Pursuant to section 288.210, in cases "involving a claimant who is not a resident of this state, and in all cases not involving a claimant, the Missouri court of appeals for the western district shall have jurisdiction of the appeal." Article V, section 11 of the Missouri Constitution provides, in relevant part: "In all proceedings reviewable on appeal by the supreme court or the court of appeals, appeals shall go directly to the court or district having jurisdiction, but want of jurisdiction shall not be ground for dismissal, and the proceeding shall be transferred to the appellate court having jurisdiction."

(2) That the decision was procured by fraud;

(3) That the facts found by the commission do not support the award; or

(4) That there was no sufficient competent evidence in the record to warrant the making of the award. . . .

§ 288.210.

## Analysis

When a claimant wishes to appeal a determination of a deputy of the Division of Employment Security under Chapter 288 RSMo, the claimant must file an appeal of the deputy's determination within thirty days after the notice of the deputy's determination is either delivered in person or mailed to the last known address of the claimant. § 288.070.6. Generally, if the claimant fails to file such an appeal within the thirty-day time period, the deputy's determination becomes final. § 288.070.6. This thirty-day window to file an appeal with the appeals tribunal may be extended for good cause. § 288.070.10.

Section 288.190 governs review hearings before an appeals tribunal. Regarding such proceedings before an appeals tribunal from a deputy's determination, section 288.190.3 provides that "an appeals tribunal, after affording the parties reasonable opportunity for fair hearing, shall affirm, modify, or reverse the determination of the deputy, or shall remand the matter to the deputy with directions. . . ." Regarding the decision of the designated appeals tribunal, section 288.190.3 provides: "The parties shall be duly notified of an appeals tribunal's decision or order, together with its reason therefor, which shall be deemed to be the final decision or order of the division unless, within thirty days after the date of notification or mailing of such decision, further appeal is initiated pursuant to section 288.200[.]"

When a party to a decision of an appeals tribunal wishes to have such decision reviewed by the Commission, the party may do so pursuant to section 288.200.1, which provides: "Any of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within thirty days following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission. . . ." § 288.200.1. Unlike the thirty-day window governing appeals to the Appeals Tribunal which may be extended for good cause, *see* § 288.070.10, the thirty-day window set forth in section 288.200.1 governing applications for review with the Commission has been interpreted to contain no good cause exception. *See Ward*, 600 S.W.3d at 287 (quoting *Foster v. Div. of Emp. Sec.*, 360 S.W.3d 851, 853 (Mo. App. W.D. 2011)). A party must file a timely application for review with the Commission or else the Commission has no authority to review the prior decision of the appeals tribunal. *Id.* "In unemployment cases, the time guidelines for seeking review of the Appeals Tribunal decision are mandatory and require strict compliance." *Id.* If a party fails to timely file an application for review with the Commission, the Commission has no authority to consider the merits of the application for review, and dismissal is proper. *See Foster*, 360 S.W.3d at 853. Missouri courts have determined that "[t]here is no provision in section 288.200.1 to allow for filing out of time." *Ward*, 600 S.W.3d at 287 (citing *Foster*, 360 S.W.3d at 853).[9]

---

[9] Regarding the filing of an application for review of an appeals tribunal decision pursuant to section 288.200 and the method for calculating when an application for review is considered filed, 8 CSR 20-4.010 provides:

> (1) Filing.

> (A) Any interested party to a decision of an appeals tribunal of the division may file an application to have the decision reviewed by the commission by filing the application with the commission or by filing it with the division, as agent of the commission, within thirty (30) days following the date of notification or mailing of the decision, as provided in section 288.200, RSMo. An application for review shall be signed by the claimant . . . .

8

The Commission's July 6, 2022 dismissal order, which is the subject of this appeal, purported to dismiss as untimely Dewes's April 22, 2022 application for review of an "April 11, 2021" decision of the Appeals Tribunal.

First, there was no April 11, 2021 decision of the Appeals Tribunal. There was a May 28, 2021 decision of the Appeals Tribunal; however, nothing about the Commission's dismissal order indicates (or even suggests) that the Commission was addressing the timeliness of an application for review from the May 28, 2021 Corrected Decision of the Appeals Tribunal.

Second, the Commission's dismissal order states that the Commission dismissed Dewes's April 22, 2022 application for review. Dewes's April 22, 2022 application sought review of the April 11, 2022 decision of the Appeals Tribunal, which the Commission's dismissal order stated

---

(B) In the absence of an endorsement by the United States Post Office, the application for review shall be deemed to have been filed on the date received by the division or commission.

(C) An application for review filed by facsimile transmission (fax) may be filed at any office of the Division of Employment Security. An application for review filed by fax that is received by the division on a regular workday shall be considered as filed on that day. A fax received on a Saturday, Sunday, or legal holiday will be considered filed on the next regular division workday. Date and time of receipt shall be determined by the receiving fax machine. Persons filing by fax shall retain the receipt with the original document for reference by the commission if so requested.

Regarding the timeliness of an application for review filed with the Commission, 8 CSR 20-4.010(6) provides:

An application for review filed more than thirty (30) days from the date of notification or mailing by the division is untimely. The commission does not have statutory authority to accept untimely applications for review. However, if the application for review alleges either that the party filed an earlier, timely application for review that was not properly acknowledged, or that the party was deprived due notice of the decision of the appeals tribunal, the commission may remand the matter for a hearing before the appeals tribunal for the purpose of taking evidence to determine whether the commission may take jurisdiction of the appeal.

This regulation has the apparent purposes of allowing the Commission to address a potential failure to properly acknowledge an application for review and of ensuring that the party filing an application for review was not deprived of due notice of the decision of the appeals tribunal. 8 CSR 20-4.010(6). Regarding due notice, the regulation appears to further the due notice requirement contained in section 288.190.3, which expressly provides that "[t]he parties shall be duly notified of an appeals tribunal's decision or order . . . ."

9

went beyond the scope of the Commission's instructions on remand, such that the April 11, 2022 decision was to be disregarded in its entirety. It follows, then, that if the April 11, 2022 decision of the Appeals Tribunal was, in effect, a nullity, then there was no requirement that Dewes file an application for review of that decision. Rather, the May 28, 2021 Corrected Decision (and Dewes's application for review thereof) remained subject to review by the Commission.

Further, the Commission's September 3, 2021 remand order expressly indicated that Dewes's application for review of the May 28, 2021 decision of the Appeals Tribunal had alleged facts that, if true, would bear on the timeliness of her application for review. However, following the return of the record to the Commission, the Commission's order did not address whether those allegations contained in that application for review, which the Commission determined had necessitated remand, had been proven or whether that application for review had been timely filed.[10]

In that the Commission's dismissal order does not correctly identify an actual decision of the Appeals Tribunal (none are dated April 11, 2021); in that said order identifies Dewes's April 22, 2022 application for review which sought review of an Appeals Tribunal decision that the Commission had determined was a nullity; and in that the Commission's July 6, 2022 order fails to address the operable (May 28, 2021) Appeals Tribunal Corrected Decision and related application for review (which it had earlier determined had alleged facts that "if true, may bear

---

[10] Additionally, although on appeal we review the decision of the Commission rather than the actions of the Appeals Tribunal, we note that the Appeals Tribunal was clearly confused by the Commission's instructions on remand. The Appeals Tribunal apparently believed that it was supposed to issue a decision and that it was supposed to apply a good cause standard to the timeliness requirements. Following the remand from the Commission to the Appeals Tribunal, the Appeals Tribunal expressly provided Dewes with incorrect information regarding the issue at the January 12, 2022 hearing. The Appeals Tribunal referee expressly stated to Dewes at the beginning of the hearing: "The issue in this hearing is, um, I will determine if good cause existed for the claimant to file a late application for review." As stated previously in footnote 7, *supra*, there is no good cause exception for the filing of a late application for review. *See, e.g., Huckaby v. Div. of Emp. Sec.*, 363 S.W.3d 52, 54 (Mo. App. W.D. 2011).

10

on the timeliness of [said] Application for Review"); the Commission's order is neither competent nor lawful.[11]

## Conclusion

We reverse the Commission's Order of Dismissal, and remand to the Commission for the Commission to address the timeliness of Dewes's application for review of the May 28, 2021 Corrected Decision of the Appeals Tribunal; and, if the application for review was timely filed, then to proceed in addressing the application for review according to section 288.200 and any applicable regulations.

_____
Thomas N. Chapman, Presiding Judge

All concur.

---

[11] In a multifarious point on appeal, Dewes attempts to argue the merits of her application for review as well as the timeliness of her application for review. As the only matter addressed by the Commission was the timeliness of her application for review, that is the sole issue before this court in this appeal. Given the inadequacy of the record on appeal, and the obvious shortcomings of the Commission's order being appealed, we exercise our discretion to review Dewes's point on appeal regarding the Commission's timeliness determination, as the deficiencies in Dewes's point do not impede our review of the Commission's dismissal order. *See Sporleder v. Sporleder*, 655 S.W.3d 1, 10 n.9 (Mo. App. W.D. 2022).