

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| JAMES F. HERRMANN, | ) | |
| | ) | |
| Appellant, | ) | **WD85823** |
| v. | ) | |
| | ) | **OPINION FILED:** |
| | ) | **August 29, 2023** |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Alok Ahuja and Edward R. Ardini, Jr., Judges

James F. Herrmann appeals the Labor and Industrial Relations Commission's

dismissal of his unemployment benefits claim. The Commission determined that

Herrmann failed to timely appeal the deputy's determination that Herrmann received an

overpayment of unemployment benefits, thus the Commission lacked jurisdiction and

dismissed Herrmann's appeal. Herrmann's brief does not challenge the finding that his

appeal was untimely, instead arguing only the merits of his claim. Because Herrmann

has not properly raised or argued the only issue before this court, we must dismiss his

appeal.

## Background

On November 22, 2021, a deputy for the Division of Employment Security (Division) determined that Herrmann had been overpaid $4,800.00 in unemployment benefits for the period May 31 through July 25, 2020. The deputy's determination was mailed to Herrmann on November 22, 2021, with a notice that Herrmann could appeal the determination no later than December 22, 2021. Herrmann did not appeal the determination until July 23, 2022, well past the 30-day limit for such appeals. His July 23, 2022 appeal (in the form of a letter to the Division) mentioned that he was responding to a letter dated July 7, 2022, but he did not identify the sender and no such letter appears in the record.

On August 17, 2022, the Appeals Tribunal affirmed the deputy's determination, stating the following:

> Since the deputy's determination was mailed to the appellant on November 22, 2021, and [his] appeal was not filed until July 23, 2022, it is apparent that it was not filed within the 30-day . . . time limit and that the Deputy's determination has become final. . . . The Claimant's appeal is dismissed.

A copy of the Appeals Tribunal's order was mailed to Herrmann on August 17, 2022. By letter dated September 16, 2022, Herrmann timely appealed that order. On November 3, 2022, the Commission affirmed the Appeals Tribunal's dismissal, adding, "Claimant's allegations, if true, will not support a finding that good cause exists to extend the time for filing the appeal." Herrmann timely appealed to this court.

Herrmann's first brief was struck on May 9, 2023, for failure to comply with Rule 84.04.[1] He was warned that it was his responsibility to ensure compliance and that an amended brief would not be reviewed for compliance until the case was submitted. Herrmann uses the phrase "points relied on" throughout his amended brief but only as a preface to each statement about the merits of his claim to unemployment benefits. None of these "points relied on" addresses his untimely appeal from the deputy's determination that he was overpaid.

## Dismissal of Appeal

Pursuant to Rule 84.04(a)(4), Herrmann's brief is required to include a "point relied on" for each point of error he wishes this court to address. Because Herrmann appeals from a decision of an administrative agency, Rule 84.04 specifically requires that each "point relied on" do the following:

(A) Identify the administrative ruling or action the appellant challenges;

(B) State concisely the legal reasons for the appellant's claim of reversible error; and

(C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(2)(A)-(C). Although Herrmann's brief purports to state multiple "points relied on," they individually and collectively fail to identify any challenge

---

[1] All rule references are to the Missouri Supreme Court Rules (2022).

concerning the timeliness of his appeal from the deputy's determination, nor do they explain why the dismissal of his appeal for untimeliness was in error.[2]

"This court 'may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission.'" *Boles v. Div. of Emp. Sec.*, 353 S.W.3d 465, 467 (Mo. App. W.D. 2011) (quoting *Chase v. Baumann Prop. Co.*, 169 S.W.3d 891, 892 (Mo. App. E.D. 2005)). The only issue before the Commission was the timeliness of Herrmann's appeal from the Appeals Tribunal's Order. Consequently, the timeliness of his appeal—not the merits of his claim—is the "only issue[] we are permitted to review." *See Ireland v. Div. of Emp. Sec.*, 390 S.W.3d 895, 899 (Mo. App. W.D. 2013).

Aside from Herrmann's failure to raise the timeliness of his appeal, the facts demonstrate conclusively that Herrmann's appeal from the deputy's determination was

---

[2] Rule 84.04 sets forth a number of mandatory requirements for briefs filed in appellate courts. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022). Although Herrmann appears *pro se*, he is held to the same standard as parties represented by counsel, including adherence to Rule 84.04's mandatory appellate briefing requirements. *See Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019). "A point relied on [that] does not state 'wherein and why' the trial court [or administrative agency] erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Lexow*, 643 S.W.3d at 505 (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)). The argument "should advise the appellate court how principles of law and the facts of the case interact." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). It must also "explain why, in the context of the case, the law supports the claim of reversible error." *Hoover*, 581 S.W.3d at 641 (quoting *Washington v. Blackburn*, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009)). Both Herrmann's "points relied on" and his argument are seriously deficient, and his failure to comply with Rule 84.04 could also provide a basis for the dismissal of his appeal.

untimely.  Pursuant to 8 C.S.R. § 10-5.010(5)(C),[3] appeals from a "benefit overpayment determination" under § 288.380.13,[4] such as Herrmann's, must be filed within thirty days of the date the determination was mailed to him.  Herrmann did not file his appeal until eight months after his determination was mailed.  He does not argue that good cause excuses his delay, and, as the Division points out in its brief, no good cause exception exists for this type of appeal.  *See Kline v. Div. of Emp. Sec.*, 662 S.W.3d 175, 179 (Mo. App. E.D. 2023) ("[T]he 'good cause' exception in § 288.070.10 cannot be used to excuse the untimeliness of an appeal from an overpayment determination under § 288.380.").

Because Herrmann's brief presents no factual basis or argument that his appeal from the deputy's determination was timely filed, his appeal must be dismissed.

## Conclusion

Because Herrmann failed to challenge the determination that his appeal to the Appeals Tribunal was untimely, he has not presented an appealable issue for our review, and his appeal is dismissed.

_____
Karen King Mitchell, Judge

Alok Ahuja and Edward R. Ardini, Jr., Judges, concur.

---

[3] All references to regulations are to the Missouri Code of State Regulations (2022), unless otherwise noted.
[4] All statutory references are to the Revised Statutes of Missouri (2022), unless otherwise noted.